Richard MARTIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–05–104 CR.

Court of Appeals of Texas,
Beaumont.

Submitted Sept. 29, 2005.

Decided Nov. 2, 2005.

Discretionary Review Granted
March 1, 2006.

Bill Burnett, Coldspring, for appellant.

Mark E. Price, Crim. Dist. Atty., Brian M. Bartko, Asst. Crim. Dist. Atty., Coldspring, for state.

Before McKEITHEN, C.J.,
GAULTNEY and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

A jury convicted Richard Martin of the felony offense of Driving While Intoxicated ("DWI") with an alleged offense date of April 18, 2003. *See* TEX. PEN.CODE ANN. §§ 49.04(a), 49.09(b)(2) (Vernon 2003 and Supp.2005). Alleged along with the primary offense were two previous DWI convictions by Martin: one conviction in October of 1996, out of Harris County, Texas, and the other in July of 2000, also out of Harris County, Texas. These prior convictions enhanced Martin's potential punishment to that of a third degree felony. *See* TEX. PEN.CODE ANN. § 49.09(b)(2), (c)(1)(A) (Vernon Supp.2005). The jury assessed Martin's punishment at confinement in the Texas Department of Criminal Justice—Correctional Institutions Division for a term of three years, but assessed no fine. The jury also recommended that the imposition of Martin's confinement be suspended and that Martin be placed on community supervision. Punishment was so assessed by the trial court with the court suspending imposition of confinement for a period of three years, and adding the additional statutorily mandated 10–day confinement in the county-jail facility. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 13(a)(1) (Vernon Supp.2005).

Martin presents us with two appellate issues, *viz:*

1. The trial court committed error by failing to properly charge the jury at guilt/innocence on the applicable law in violation of Tex.Code Crim. Proc. Ann., art. 36.14 (Vernon 2001) as the jury charge failed to charge the jury that any person who is intoxicated while driving or operating a motor vehicle in a public place, and who has previously been con-

victed two times or more of being intoxicated while operating or driving a motor vehicle in a public place shall be guilty of a felony.

2. The trial court committed error by failing to apply the law to the facts in the jury charge at the guilt/innocence phase of trial in violation of Tex.Code Crim. Proc. Ann., art. 36.14 (Vernon 2001), regarding the necessity to find Appellant guilty of the two prior driving while intoxicated convictions in order to convict him of felony driving while intoxicated.

The record reflects that on the morning of trial, Martin entered into a stipulation of evidence admitting to his convictions in the two prior DWI offenses out of Harris County as alleged in the indictment. By this stipulation to the prior convictions, appellant apparently intended to eliminate the State's need to offer any evidence to meet the jurisdictional requirement. The law on the issue, however, is to the contrary, as was recognized by the trial court. *See Tamez v. State*, 11 S.W.3d 198, 201–03 (Tex.Crim.App.2000) (when prior convictions used to elevate misdemeanor to felony, said convictions must be pleaded in indictment for trial court to gain jurisdiction; jurisdiction vests when State's pleadings containing the requisite number of prior convictions are submitted to trial court). At any rate, Martin's stipulation was not introduced into evidence during the guilt/innocence phase of the trial nor was the jury informed of its existence. The jury was, however, made aware of the two prior convictions at the time of the State's reading of the indictment at the start of the trial. *See* TEX.CODE CRIM. PROC. ANN. art. 36.01(a)(1) (Vernon Supp. 2005). The trial court's written instructions to the jury made no mention of Martin's stipulation nor did the instructions incorporate the two prior convictions into either the abstract definition portion or the application paragraph. The verdict form does indicate that the jury found Martin "guilty of the felony offense of driving while intoxicated as charged in the indictment."

Since Martin submits one argument and one set of authorities for both appellate issues, we will address both issues together. At the outset, we note that the crux of Martin's complaint is jury-charge error, not lack of legally sufficient evidence to sustain his conviction. Martin correctly acknowledges the recent case, *Bryant v. State*, No. PD–672–04, 2005 WL 765840, at *3–4, —— S.W.3d ——, —— – —— (Tex. Crim.App. April 6, 2005), which held that Bryant was barred from raising legal insufficiency of evidence that he committed felony DWI when the State tendered no evidence of the two prior jurisdictional DWI's to the jury. In essence, the Court's holding in *Bryant* was not that the stipulation in itself provided legally sufficient evidence of the two prior DWI's, but that, because Bryant formally stipulated to his two previous DWI convictions, he was absolutely precluded from raising an insufficient evidence issue on appeal as to the facts stipulated. *Id.* at *4, —— S.W.3d at ——. As such, the Court of Criminal Appeals found it to be "inappropriate" to reach the merits of whether legally sufficient evidence existed to sustain Bryant's felony DWI conviction. *Id. Bryant*, therefore, bars Martin from raising an issue on legal insufficiency to sustain his conviction.

In *Bryant*, jury-charge error was neither raised nor mentioned. Martin's issues, on the other hand, do focus on the alleged deficiencies in the trial court's written jury instructions. Martin contends the instructions "improperly stated the law regarding the proof required to convict for felony driving while intoxicated," and that the application paragraph

failed to require the jury "to find that Appellant had previously been convicted of two prior DWI offenses in order to find him guilty of the felony offense of driving while intoxicated." Martin also correctly recognizes that if error is found in the written instructions to the jury, any harm must be "egregious" for the error to be reversible as Martin failed to make an objection to the instructions on the same basis he is now raising on appeal. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g). The State is incorrect in urging that *Bryant* "is directly on point to the instant case[,]" and is also incorrect in contending that the deficiencies Martin raises regarding the jury instructions were the result of Martin's own requested omissions. The record indicates that following a number of requested grounds for directed verdict of acquittal, Martin then raised two objections to the proposed jury instructions, neither of which involved the stipulation or the prior convictions. Therefore, as any alleged jury-charge error was not procured by Martin, he is not subject to the procedural default consequences discussed in *Prystash v. State*, 3 S.W.3d 522, 532 (Tex.Crim.App.1999).

In *Bryant*, the Court likened Bryant's stipulation of his two prior DWI convictions to "a kind of judicial admission," which is distinguishable from an evidentiary admission. *Bryant*, 2005 WL 765840, at *2, —— S.W.3d at ——. Relying on recognized treatises on the law of evidence, the Court then clarified this distinction, noting that "judicial admissions" are not evidence at all, but, when present in the form of either concessions in pleadings or stipulations by a party or counsel, have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. *Id.* Indeed, citing to Wigmore, the *Bryant* Court recognized that a party's stipulation to the truth of some alleged fact has the effect of a "confessory pleading," in that the fact is thereafter to be taken for granted, removing from the opposing party the burden of producing evidence to prove it, and barring the stipulating party from attempting to disprove it. *Id.* at *3, —— S.W.3d at ——. Thus, when Martin's stipulation was executed and accepted by the State and the trial court, the burden to produce evidence of Martin's two previous DWI convictions was removed. For all practical matters, the State's burden of production was reduced to that of simply proving the elements of the underlying April 18, 2003, DWI.

Code of Criminal Procedure articles 36.14, "Charge of Court," and 36.19, "Review of Charge on Appeal," govern submission of jury instructions and determination of "error" in the charge. *See* Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon Supp.2005); Tex.Code Crim. Proc. Ann. art. 36.19 (Vernon 1981); *Huizar v. State*, 12 S.W.3d 479, 483 (Tex.Crim.App.2000). Article 36.14 provides in part that the trial court shall include in the jury charge "the law applicable to the case." *See* art. 36.14. In the instant case, because of Martin's pretrial stipulation to his two prior Harris County DWI convictions, the fact of these prior convictions was withdrawn from any issue in the case and wholly dispensed with the need for proof of those convictions by the State to the jury. *See Bryant*, 2005 WL 765840, at *2, —— S.W.3d at ——. As such, Martin's prior convictions were no longer "the law applicable to the case" for purposes of complying with articles 36.14 and 36.19. It was therefore unnecessary for the trial court to include in the jury's instructions any issue regarding the stipulated prior convictions. *See Huizar*, 12 S.W.3d at 483; *see also Hammock v. State*, 46 S.W.3d 889, 895 (Tex.Crim.App.2001) (because the evidence in question was admitted to the jury for all purposes, a limit-

ing instruction on the evidence was not "law applicable to the case," and the trial court was not required to include a limiting instruction in the charge to the jury. We, therefore, find no error in the trial court's written instructions to the jury. Martin's appellate issues are overruled and the trial court's judgment is affirmed.

AFFIRMED.