**Joseph Dennis ROSS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–05–00344–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 13, 2006.

Charles Hinton, Houston, TX, for Appelllant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Dan McCrory, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists Chief Justice RADACK and Justices JENNINGS and ALCALA.

## OPINION

TERRY JENNINGS, Justice.

A jury found appellant, Joseph Dennis Ross, guilty of the felony offense of driving or operating a motor vehicle in a public place while intoxicated ("DWI").[1] The trial court, after finding true the allegations in two enhancement paragraphs that appellant had two prior felony convictions, assessed appellant's punishment at confinement for twenty-five years. In his sole issue, appellant argues that the trial court erred in entering a judgment of conviction for the felony offense of DWI, and not the Class B misdemeanor offense of DWI, because the jury did not determine whether appellant had been twice before convicted of DWI.

We affirm.

## Procedural Background

At the commencement of the guilt stage of trial, the trial court presented appellant with a stipulation of evidence, previously signed by appellant, showing that he had two prior convictions for the offense of DWI. The trial court stated that it would "instruct the jury to find [the] allegations in the indictment, as to the prior DWI convictions, . . . to be true" and advised appellant that the stipulation was "the same as a judicial confession as to the matters set out in the stipulation." Appellant acknowledged that the stipulation was voluntary and that he understood its implications. The trial court then admitted the stipulation into evidence, and the State read it to the jury.

At the conclusion of the evidence, the trial court presented its charge, which instructed the jury as follows:

> The defendant, Joseph Dennis Ross, stands charged by indictment with the offense of operating a motor vehicle in a public place while intoxicated, alleged to have been committed on or about the 7th day of November 2004 . . . after having been heretofore, to-wit, on June 14, 2002, convicted . . . of the offense of driving and operating a motor vehicle while intoxicated, and after having been heretofore, to-wit, on November 6, 2000, convicted . . . of the offense of driving and operating a motor vehicle while intoxicated. The defendant has pleaded not guilty.

The next paragraph of the trial court's charge explained

> Our law provides that a person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place. It is a felony offense if the person has heretofore been convicted of two other offenses of driv-

---

1. *See* Tex. Pen.Code Ann. §§ 49.04(a), 49.09(b)(2) (Vernon 2003).

ing or operating a motor vehicle in a public place while intoxicated.

The charge also instructed the jury that appellant had "stipulated to the validity and finality of the two prior convictions for [DWI] alleged in the indictment" and that "these two prior convictions were no longer at issue." The application paragraph of the charge instructed the jury to find appellant "guilty as charged in the indictment" if it found that he had committed the primary offense of DWI on November 7, 2004. Important to appellant's contention, the application paragraph did not expressly reference appellant's two previous convictions for DWI.

### Jury Charge

■ Appellant argues that the trial court erred in entering a judgment reflecting a conviction for the felony offense of DWI because the jury did not make a finding as to whether appellant had two prior DWI convictions. Appellant asserts that, despite the stipulation of evidence relieving the State of its burden of proof, "the jury was not relieved of the requirement that it determine whether appellant was guilty of every element of the crime with which he was charged beyond a reasonable doubt."

■ A person commits the Class B misdemeanor offense of DWI if he is intoxicated while operating a motor vehicle in a public place. TEX. PEN.CODE ANN. § 49.04(a), (b) (Vernon 2003). However, if the person has two prior DWI convictions, the offense is punishable as a third degree felony. *Id.* at § 49.09(b)(2). Proof of two prior convictions is an element of the felony offense of driving while intoxicated. *Will v. State,* 794 S.W.2d 948, 952 (Tex. App.-Houston [1st Dist.] 1990, pet. ref'd). The United States Supreme Court has ex-

pressly held that the Fifth and Sixth amendments of the Constitution[2] entitle a criminal defendant to "a jury determination that he is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *Apprendi v. New Jersey,* 530 U.S. 466, 477, 120 S.Ct. 2348, 2356, 147 L.Ed.2d 435 (2000).

As both parties recognize, the Texas Court of Criminal Appeals has recently addressed a related issue in *Bryant v. State,* 187 S.W.3d 397 (Tex.Crim.App. Apr.6, 2005). Having been charged with the felony offense of DWI, Bryant stipulated to two prior DWI convictions in a written document. *Id.* at 398. Bryant's stipulation was not admitted into evidence. *Id.* at 399. Rather, the trial court instructed the jury that "[t]he defendant has stipulated before the Court that he previously was convicted two times of [DWI] . . . and you are instructed to find that the defendant has been previously convicted of those offenses." *Id.* On appeal, Bryant argued that the evidence was insufficient to prove that he committed the felony offense of DWI because the jury did not receive any evidence of the two prior DWI convictions, as the State did not introduce the stipulation into evidence. *Id.* The Court of Criminal Appeals rejected Bryant's argument and held that his stipulation waived any right to contest the absence of proof on the stipulated elements. *Id.* at 400. The court explained that a stipulation amounts to "a kind of judicial admission" that "ha[s] the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Id.* at 399 (citing 2 JOHN W. STRONG, ET AL., MCCORMICK ON EVIDENCE § 255 (5th ed.1999)). Accordingly, the court concluded that Bryant had no right to contest the sufficiency of the evidence on the stipulated elements. *Id.* at 402.

Appellant notes that the jury in the instant case, in contrast to the jury in *Bryant*, was not expressly instructed to find that appellant had been twice previously convicted of DWI. In response, the State directs our attention to *Martin v. State*, 179 S.W.3d 685 (Tex.App.-Beaumont 2005, pet. granted). Martin, who stood charged with the felony offense of DWI, entered a stipulation admitting to two prior DWI convictions. *Id.* at 686. However, Martin's stipulation was not introduced into evidence during the guilt phase of the trial nor was the jury made aware of its existence. *Id.* Martin argued that the trial court erred in not properly charging the jury about the necessity of finding that he had been twice previously convicted of DWI. *Id.* at 686–87. The court, relying on *Bryant*, stated that Martin's stipulation withdrew the issue of his two prior DWI convictions and dispensed with the need for any evidence about this issue. *Id.* at 687. The court explained that it was "unnecessary for the trial court to include in the jury's instructions any issue regarding the stipulated prior convictions." *Id.* "For all practical matters, the State's burden of production was reduced to that of simply proving the elements of the underlying . . . DWI." *Id.* Thus, the court concluded that there was no error because the jury charge included all of "the law applicable to the case."[3] *Id.* at 687–88. We need not reach the issue addressed in *Martin*, because in contrast to *Bryant* and the instant case, the trial court's charge in *Martin* "made no mention of Martin's stipulation nor did the instructions incorporate the two prior convictions into either the abstract definition portion or the application paragraph [of the trial court's charge]." *Id.* at 686.

Here, appellant stipulated that he had two prior DWI convictions, and his stipulation was admitted into evidence and published to the jury. It is true that the charge before us did not expressly instruct the jury to find that appellant had been twice convicted of DWI and the application paragraph did not reference the two prior DWI convictions. However, the first paragraph of the charge instructed the jury that appellant had been charged by indictment with committing the offense of DWI "after having been" twice previously convicted of the offense of DWI. The charge also explained that this constituted "a felony offense." After explaining the elemental aspect of the two prior convictions, the charge further instructed the jury that "[appellant] has stipulated to the validity and finality of the two prior convictions for DWI alleged in the indictment" and that "[t]hese two prior convictions are no longer at issue." As noted in *Bryant*, once appellant stipulated to the fact of his two prior DWI convictions, the stipulation had the effect of "withdrawing [that] fact from issue and dispensing wholly with the need for proof of the fact." *Bryant*, 187 S.W.3d at 400. The charge then instructed the jury to find appellant guilty "as charged in the indictment" if it found beyond a reasonable doubt that the State had proven "each and every element of the offense charged."

Given the trial court's instructions in its charge, the jury, in order to find appellant guilty of the felony offense of DWI "as charged in the indictment," necessarily found that appellant had been twice previously convicted of the offense of DWI. Thus, there is no appreciable difference between the jury charge in this case and the jury charge in *Bryant*, which expressly

**3.** *See* TEX.CODE CRIM. PROC. ANN. art. 36.14 (Vernon Supp.2005) (stating that trial court shall include in jury charge "the law applicable to the case").

instructed the jury to find that the defendant had been twice convicted of DWI.[4]

We conclude that the jury, pursuant to the trial court's instructions, necessarily found that appellant had been twice previously convicted of DWI when it found appellant guilty of the offense "as charged in the indictment." Accordingly, we hold that the trial court did not err in entering a judgment of conviction against appellant for the felony offense of DWI.

We overrule appellant's sole issue.

### Conclusion

We affirm the judgment of the trial court.

---

**4.** Notwithstanding the implied jury finding based on the trial court's charge in this case, we note that using express language instruct- ing the jury to find the existence of a stipulated fact is undoubtedly the better practice.