Richard T. MARTIN, Appellant,

v.

The STATE of Texas.

No. PD–1940–05.

Court of Criminal Appeals of Texas.

June 28, 2006.

Bill Burnett, Coldspring, for Appellant.

Brian M. Bartko, Assistant Criminal District Atty., Coldspring, Matthew Paul, Stat's Atty., Austin, for State.

## OPINION

COCHRAN, J., delivered the opinion of the Court, in which KELLER, P.J., PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, and HOLCOMB, JJ., joined.

A jury convicted appellant of felony Driving While Intoxicated (DWI). Appellant argues that—although he had stipulated to two prior DWI convictions before trial and asked that the prosecutor be forbidden from reading either the jurisdictional indictment paragraphs or the stipulation to the jury—the court's charge should have required the jury to find that he had two prior DWI convictions before it could convict him of felony DWI. The court of appeals rejected this claim and found no error in the jury charge.[1] We granted review to resolve a conflict in the courts of appeals concerning whether the jury charge should include instructions directing the jury to find the jurisdictional element of two prior DWI convictions satisfied based on a defendant's formal written stipulation.[2] We hold that the jury should be instructed about the existence and effect of a defendant's stipulation to the two jurisdictional prior DWI convictions. Nonetheless, appellant did not object to the jury charge on this basis, and the trial court's error of omission did not cause appellant "egregious harm" under *Almanza*.[3] Therefore, we affirm the judgment of the court of appeals.

## I.

After jury selection, but before the start of this felony DWI trial, the defendant presented the trial court and prosecutor with a written, signed stipulation admitting that he had two prior DWI convictions. The trial judge read that stipulation verbatim into the reporter's record and said, "This would invoke the jurisdiction of the district court. Is that your stipulation?"

Defense counsel answered, "Yes, Your Honor, it is." The prosecutor agreed as well, but noted that "it's the State's understanding that the law still remains that I am allowed to read the indictment with the prior convictions and that's all ... I'm planning to do." The defense attorney disagreed, saying, "[I]t's my understanding he is not allowed to read the priors."

---

1. *Martin v. State,* 179 S.W.3d 685 (Tex.App.-Beaumont 2005).

2. We granted appellant's two grounds for review:
 (1) The court of appeals erred in holding that appellant's pre-trial stipulation to his two prior DWI convictions precluded the requirement to charge the jury regarding the two prior DWI convictions even though they were elements of the offense charged.
 (2) The court of appeals disregarded current case law requiring that the prior convictions must be included in the jury charge and found to be true before a jury may find a defendant guilty of felony DWI even when appellant files a pre-trial stipulation.

3. *Almanza v. State,* 686 S.W.2d 157 (Tex. Crim.App.1985) (op. on reh'g).

The trial court, after reading the most recent law, concluded that the prosecutor could read the indictment allegations and could even offer the stipulation into evidence if he wished. The defense continued to object to either reading the jurisdictional paragraphs of the indictment or admitting the stipulation before the jury. The prosecutor did read the jurisdictional paragraphs aloud when appellant was arraigned before the jury, but he did not offer the written stipulation into evidence before the jury until the punishment phase of trial. The written stipulation is contained in the reporter's record as State's Exhibit 3.

At the end of the State's case-in-chief, appellant made a motion for a directed verdict, arguing,

> The State never proved the prior DWIs in order to establish jurisdiction. While the defendant did stipulate to them, it was never offered to the Court as evidence by the State. It was never admitted before the jury. As a result, while we did what we were supposed to do in order to keep that information from coming before the Court, the State did not do what it was required to do. Therefore, this court lacks jurisdiction to hear this matter, and I move for a directed verdict on that basis.

The trial judge, without commenting on appellant's volte-face, denied the motion.

The trial judge then invited objections to the proposed jury charge. Appellant made two objections to that charge, neither of which related to the prior DWI convictions or to the omission of that jurisdictional element in the application paragraph.

The jury returned a guilty verdict, and, during the punishment phase, appellant testified and explained the circumstances surrounding his two prior DWI convictions. The jury sentenced appellant to three years' imprisonment, but also recommended that he be placed on community supervision. Appellant then appealed, arguing that the trial court erred by failing to properly charge the jury about the necessity to find him guilty of two prior DWI convictions before finding him guilty of a felony DWI offense.

## II.

■ In *Tamez v. State*,[4] this Court held that a defendant is entitled to stipulate to the two jurisdictional prior DWI convictions in a felony DWI trial and thereby prevent the State from offering otherwise admissible evidence of those convictions.[5] This offer to stipulate is one that the State may not refuse. The rationale of the *Tamez* holding was to reduce the possibility of unfair prejudice to the defendant during the guilt stage of a felony DWI trial. Such prejudice might otherwise occur if the jury misused the evidence of two (or more) prior convictions—admissible only to prove felony jurisdiction—in determining his guilt of the present, charged DWI offense.[6] Thereafter, *Tamez* spawned a cottage industry of subsidiary issues, the most recent of which is the present question of whether it is error to omit any reference to the jurisdictional prior convictions in the jury charge when the defendant has stipulated to those convictions.

Appellant argues that, despite his stipulation to the two prior jurisdictional DWIs,

> the jury is still required to be properly charged on the applicable law and properly have the law applied in an application paragraph regarding the two prior

4. 11 S.W.3d 198 (Tex.Crim.App.2000).

5. *Id.* at 202–03.

6. *Id.*

DWI convictions in order to properly convict Appellant of the felony DWI offense.

■ Appellant is correct. A jury charge must distinctly set forth the law applicable to the case and set out all of the essential elements of the offense.[7] This requirement includes jurisdictional elements. Thus, the jury charge must inform the jury of the existence of the two prior DWI convictions that the defendant has stipulated to and that the State relies upon for conviction of a felony DWI offense.[8]

The trial court can instruct the jury about the stipulated prior convictions in any of several different ways. One way is to include the specific indictment allegations of the two prior DWI convictions in the application paragraph with a separate paragraph stating that the defendant has stipulated to the existence of those two prior convictions, thus that jurisdictional element has been established. This separate paragraph would also instruct the jury to find that the jurisdictional prior convictions may not be used for any other purpose in determining the guilt of the defendant on the charged occasion. Another way is to simply charge the elements of the underlying DWI offense and include a paragraph stating that the defendant has

stipulated to the existence of two (specified or unspecified) prior DWI convictions, and thus the jury is directed to find that those elements of felony DWI are established. The parties or trial judge may devise other, entirely satisfactory, instructions to inform the jury of the existence of the defendant's stipulation and of its effect—i.e., a felony DWI requires proof of two prior DWI convictions, but, by agreement, that element is not contested, therefore no evidence of the prior convictions is necessary, and that the jurisdictional element is satisfied. The trial judge may give whatever other limiting instructions are appropriate under the circumstances. Formality and technical legal language are not necessary.

■ The trial court errs in submitting a jury charge that contains neither any reference to the jurisdictionally required prior convictions nor any reference to the defendant's stipulation. That error is analyzed under our familiar *Almanza*[9] standard. If the defendant objects to the failure to include any reference to the jurisdictional element, he need show only some actual, (not theoretical) harm calculated to injure his rights.[10] If the defendant does not object to the jury charge, he must show that the jury charge caused

7. TEX.CODE CRIM. PROC. art. 36.14. *See Dinkins v. State*, 894 S.W.2d 330, 339 (Tex.Crim.App. 1995) ("Because the charge is the instrument by which the jury convicts, the charge must contain an accurate statement of the law and must set out all the essential elements of the offense.") (citation omitted).

8. *State v. Mewbourn*, 993 S.W.2d 771, 773 (Tex.App.-Tyler 1999, no pet.) ("the prior convictions must be included in the jury charge and found to be true before a jury may find a defendant guilty of the offense of felony DWI") (citations omitted); *Martin v. State*, 84 S.W.3d 267, 269 (Tex.App.-Beaumont 2002, pet ref'd) (quoting *Mewbourn*); *Orona v. State*, 52 S.W.3d 242, 246 (Tex.App.-El Paso 2001, no pet.) (noting that, in a felony DWI

trial, "the prior convictions must be included in the body of the main charge before the jury is authorized to make a general finding of guilt") (citations omitted); *Vanderhorst v. State*, 52 S.W.3d 237, 241 (Tex.App.-Eastland 2001, pet. ref'd) (even when the defendant stipulates to the existence of two prior DWI convictions, "[t]he application paragraph in the court's charge still should require the jury, before rendering a verdict of guilty, to find that a defendant is guilty of all of the elements of the felony DWI offense, including the jurisdictional element").

9. *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim.App.1985) (op. on reh'g).

10. *Id.* at 171.

him such "egregious harm" that he did not have "a fair and impartial trial."[11]

We briefly summarize the current status of the law when a defendant offers to stipulate to the two jurisdictional prior DWI convictions in a felony DWI trial:[12]

1) The State must plead two jurisdictional prior DWI convictions in a felony DWI indictment; it is the indictment that confers jurisdiction in the district court;[13]

2) The State may (but is not required to) read the entire indictment, including the two jurisdictional allegations (but only those two), in arraigning the defendant in the presence of the jury;[14]

3) Both the State and the defense may voir dire the jury concerning the range of punishment for both a felony and misdemeanor DWI;[15]

4) Nothing in the law *requires* that the jury be informed of the particulars of the prior convictions in reading the indictment, voir dire, opening or clos-

ing arguments or in the jury charge itself;[16]

5) A defendant's stipulation to the two prior DWIs, being in the nature of a judicial admission, has the legal effect of removing the jurisdictional element from contention; a defendant may not offer evidence or argument in opposition to his stipulation;[17]

6) During the trial, the jury may be informed of the stipulation and any written stipulation may be offered into evidence before the jury, but the evidence is sufficient to support a defendant's conviction even if the stipulation is not given or read to the jury;[18]

7) In a bench trial, the guilt and punishment stages are not bifurcated, so the State is not required to offer the stipulation during the initial portion of the hearing, even if the proceeding is improperly bifurcated.[19]

To that list, we now add:

8) The jury charge must include some reference to the jurisdictional ele-

**11.** *Id.* at 174 (such a fundamental error must "go to the very basis of the case," or "vitally affect his defensive theory").

**12.** It is the defendant's responsibility to draft an acceptable written stipulation, signed by the defendant. The trial judge need not accept a stipulation that is not dispositive of the jurisdictional element.

**13.** *Tamez,* 11 S.W.3d at 201–02; *Hollen v. State,* 117 S.W.3d 798, 800 (Tex.Crim.App. 2003).

**14.** *Id.* at 201–02.

**15.** *Hollen,* 117 S.W.3d at 802 n. 31.

**16.** *Id.* at 803 (Holcomb, J., concurring); *Robles v. State,* 85 S.W.3d 211, 214 (Tex.Crim. App.2002) (Womack, J., concurring) (noting that the specifics of the prior DWI convictions are evidentiary matters, the jurisdictional element is that "the person has previously been

convicted . . . (2) two times of any other offense relating to the operating of a motor vehicle while intoxicated").

**17.** *Bryant,* 187 S.W.3d at 400 ("[a] fact that is judicially admitted needs no evidence from the party benefiting by the admission . . . the fact is thereafter to be taken for granted; so that the one party need offer no evidence to prove it, and the other is not allowed to disprove it") (quoting 9 WIGMORE ON EVIDENCE § 2591 (3d ed.1940)).

**18.** *Hollen,* 117 S.W.3d at 801; *Bryant,* 187 S.W.3d at 401. However, the evidence might not be sufficient on appeal if the stipulation is neither read into the record before the trial judge nor appears elsewhere in the record. *Id.* at 404 (Johnson, J., concurring); *id.* at 405 & n. 1 (Cochran, J., concurring).

**19.** *Barfield v. State,* 63 S.W.3d 446, 448–51 (Tex.Crim.App.2001).

ment of two prior DWI convictions in a felony DWI trial;

9) The jury charge must include some reference to the defendant's stipulation and its legal effect of establishing the jurisdictional element.

10) Any error in failing to include, in the jury charge, some reference to the jurisdictional element and the stipulation is analyzed under *Almanza*.

### III.

■■■ In this case, the court of appeals correctly stated that

when Martin's stipulation was executed and accepted by the State and the trial court, the burden to produce evidence of Martin's two previous DWI convictions was removed. For all practical purposes, the State's burden of production was reduced to that of simply proving the elements of the underlying April 18, 2003, DWI.[20]

The court of appeals was mistaken, however, in reasoning further that, because of the stipulation,

Martin's prior convictions were no longer "the law applicable to the case" for purposes of complying with articles 36.14 and 36.19 [dealing with the trial court's charge]. It was therefore unnecessary for the trial court to include in

the jury's instructions any issue regarding the stipulated prior convictions.[21]

The law that applies to any felony DWI offense includes the jurisdictional element of two prior DWI convictions. Although a defendant's stipulation takes this jurisdictional element out of contention and obviates the need for any evidentiary proof of that element, the jury must still be instructed on all of the law concerning a felony DWI offense. The jury should then be instructed, by whatever means and with whatever words are deemed most appropriate to the parties and the trial court, about the existence and legal effect of the defendant's stipulation. That did not occur in the present case. It was error.[22]

Nonetheless, we need not remand this case to the court of appeals to re-review the record.[23] In this Court, appellant recognizes the applicability of *Almanza* to this unobjected-to jury-charge error and more than half of his Brief addresses the issue of egregious harm under *Almanza*. We therefore find it unnecessary to remand this case to the court of appeals to conduct a harm analysis when all of the materials are before us and appellant has fully briefed the issue.

■■■ Appellant correctly states that, when conducting a harm analysis under *Almanza*, the reviewing court considers the following four factors:

---

20. *Martin*, 179 S.W.3d at 687.

21. *Id.*

22. In its Brief, the State asserts, "At the request of appellant's counsel[,] the language regarding his prior intoxication convictions were stricken from the jury charge." State's Brief at 2. We are unable to find such a request in the trial court record. We note that appellant did make two objections to the jury charge, but neither of those deal with the issue of the prior convictions or his stipulation. Right before reading the charge to the jury, the trial judge asked appellant if he had

any objections to the jury charge, and appellant responded that he had nothing to add to the two objections he had already made. Thus, we will not address the State's contention that appellant is estopped on appeal from claiming any error in the jury charge under *Prystash v. State*, 3 S.W.3d 522 (Tex.Crim. App.1999).

23. *See Rodgers v. State*, ── S.W.3d ──, ──, No. PD–0645–05, 2006 WL 1162091, at *3, 2006 Tex.Crim.App. LEXIS 852, *17 (Tex. Crim.App.2006).

(1) The charge itself;

(2) The state of the evidence, including contested issues and the weight of the probative evidence;

(3) Arguments of counsel;

(4) Any other relevant information revealed by the record of the trial as a whole.[24]

In the present case, appellant has failed to show harm under any of these factors.

 First, the charge is deficient, but it is not deficient in any way that would prejudice appellant's rights. In fact, the jury charge benefits him because it does not mention anything about his two prior DWI convictions, the very convictions that he did not want the jury to be made aware of. Appellant's only "egregious harm" argument is that "[i]f the jury simply finds Appellant guilty of driving or operating a motor vehicle in a public place while intoxicated under the charge given, they would be convicting him of a first offense DWI under Tex. Pen.Code Ann. § 49.04." Indeed, that would be true if: (1) appellant had not stipulated to the two prior convictions; and (2) the State had, in the absence of a stipulation, failed to offer any proof of those prior convictions. Appellant states that "[a]n erroneous or an incomplete jury charge jeopardizes a defendant's right to jury trial because it fails to properly guide the jury in its fact finding function."

But appellant cannot prevail on his claim that the jury charge caused him egregious harm. If he wants the jury to decide the fact of whether he has two prior DWI convictions, he should not stipulate to them and take that element away from the jury. If he wishes to stipulate to those prior convictions and take that factual element away from the jury, then he cannot later complain that his trial was fundamentally unfair because the jury did not have an opportunity to decide that uncontested element.

Second, as to the evidence, the stipulation took the prior DWI convictions out of contention and thus while they comprised a jurisdictional element, the existence of that element had been agreed to. There is no evidentiary dispute that appellant had previously been convicted of two prior DWI offenses.

Third, neither side mentioned the two prior convictions in their closing arguments, and appellant does not suggest that the closing arguments caused or increased any possible harm to his rights.

Fourth, there is no other relevant information in the record that appellant suggests caused or increased any harm from the trial court's failure to include an instruction concerning the jurisdictional element of prior convictions and his stipulation to that element. In sum, we can discern no harm, much less egregious harm, to appellant's right to a fair and impartial trial of this felony DWI case.

We therefore affirm the judgment of the court of appeals which upheld the jury's verdict and sentence in this case.

MEYERS, J., filed a dissenting opinion.

MEYERS, J., dissenting.

In this case, a jury convicted Appellant of a felony DWI on the basis of a deficient jury charge. Although Appellant had stipulated before trial that he had been previously convicted of two DWI offenses, this stipulation was not entered into evidence until the punishment phase of the trial. Furthermore, the trial judge did not charge the jury that, in order to find him guilty of a felony DWI, it must first find that he had been convicted of two prior DWI offenses. While I agree with the

**24.** *Hutch v. State,* 922 S.W.2d 166, 171 (Tex. Crim.App.1996) (citations omitted).

majority that the jury should be instructed about a defendant's stipulation to two jurisdictional prior convictions in order to be convicted of the enhanced offense,[1] I disagree that it is the responsibility of the defendant to object to the deficient jury charge. As a result, I do not agree that it is necessary to employ an *Almanza*[2] analysis in reviewing the omission of the jurisdictional element and stipulation from the jury charge.

It is incumbent upon the State to ensure that the trial court's jury charge conforms to the offense for which it seeks conviction. In the instant case, the State sought a felony DWI conviction for Appellant, but the trial court failed to charge the jury on an essential element which made the offense a felony—the two prior DWI convictions. In *Almanza,* we established the standard of review for unobjected-to jury-charge error, but this precedent does not apply to the circumstances of the instant case because in *Almanza,* the charge error was potentially detrimental to the defendant. I know of no authority which places the onus on the defendant to object to jury charge error that benefits him by outlining the elements for a lesser offense. The responsibility does not reside with the defendant to make a jury charge correct; it rests with the State to voice an objection if the trial court does not charge the jury with the offense presented in the indictment.

In this case, it was the State that failed to secure a proper jury charge for the felony it sought. It is not the defendant's duty to object to the jury charge so that it conforms to the State's indictment. If the State wanted to obtain Appellant's conviction for a felony DWI, it bore the responsibility of requesting a jury charge that included the prior convictions to which Appellant had stipulated. Since the State made no attempt to right the jury charge, the verdict was lacking an essential element to convict Appellant of a felony. The jury found only those elements sufficient to secure a misdemeanor conviction, and accordingly, the jury could not convict Appellant of the enhanced offense.

I see no reason why a defendant would want to object to a jury charge which allows the possibility of a lesser offense and shorter sentence. The State may request what it deems is the correct jury charge, but it is not our duty to bail it out when the trial court mistakenly submits a jury charge that works to the advantage of a defendant. To hold otherwise discourages the State from being vigilant. Just as we would not expect a child who had been grounded for two weeks to remind his parents of the term of punishment when granted a reprieve after one week, we should not expect a defendant to participate in furthering his demise by voicing objection to an instruction that works in his favor.

The majority makes Appellant responsible for objecting to a jury charge which benefited him so that the trial court could instruct the jury on how to convict him of a greater offense. This is neither warranted

---

1. In its opinion, the majority summarizes the status of the law with regard to stipulations in DWI cases, noting in its sixth point that "the jury may be informed of the stipulation and any written stipulation may be offered into evidence before the jury." Maj. Op. at 640. The majority also notes that "the evidence is sufficient to support a defendant's conviction even if the stipulation is not given or read to the jury." *Id.* Although the majority cites *Hollen v. State,* 117 S.W.3d 798, 801 (Tex. Crim.App.2003), for this latter proposition—a case in which the stipulation was admitted to the jury—we find no evidence for it in that opinion.

2. *Almanza v. State,* 686 S.W.2d 157 (Tex. Crim.App.1985).

by precedent or fair in our system of justice. Incidentally, even under *Almanza,* egregious harm surely exists where a jury convicts a defendant of a felony upon evidence that constitutes only a misdemeanor. Appellant's sentence should be reformed to reflect the misdemeanor for which he was actually convicted.