IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1940-05





RICHARD T. MARTIN, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE NINTH COURT OF APPEALS


SAN JACINTO COUNTY





 Cochran, J., delivered the opinion of the Court, in which Keller, P.J.,
Price, Womack, Johnson, Keasler, Hervey, and Holcomb, JJ., joined. 
Meyers, J., filed a dissenting opinion.


O P I N I O N 



 A jury convicted appellant of felony Driving While Intoxicated (DWI). Appellant
argues that-although he had stipulated to two prior DWI convictions before trial and asked
that the prosecutor be forbidden from reading either the jurisdictional indictment paragraphs
or the stipulation to the jury-the court's charge should have required the jury to find that he
had two prior DWI convictions before it could convict him of felony DWI. The court of
appeals rejected this claim and found no error in the jury charge. (1) We granted review to
resolve a conflict in the courts of appeals concerning whether the jury charge should include
instructions directing the jury to find the jurisdictional element of two prior DWI convictions
satisfied based on a defendant's formal written stipulation. (2) We hold that the jury should be
instructed about the existence and effect of a defendant's stipulation to the two jurisdictional
prior DWI convictions. Nonetheless, appellant did not object to the jury charge on this basis,
and the trial court's error of omission did not cause appellant "egregious harm" under
Almanza. (3) Therefore, we affirm the judgment of the court of appeals.

I.


 After jury selection, but before the start of this felony DWI trial, the defendant
presented the trial court and prosecutor with a written, signed stipulation admitting that he
had two prior DWI convictions. The trial judge read that stipulation verbatim into the
reporter's record and said, "This would invoke the jurisdiction of the district court. Is that
your stipulation?"

 Defense counsel answered, "Yes, Your Honor, it is." The prosecutor agreed as well,
but noted that "it's the State's understanding that the law still remains that I am allowed to
read the indictment with the prior convictions and that's all . . . I'm planning to do." The
defense attorney disagreed, saying, "[I]t's my understanding he is not allowed to read the
priors." 

 The trial court, after reading the most recent law, concluded that the prosecutor could
read the indictment allegations and could even offer the stipulation into evidence if he
wished. The defense continued to object to either reading the jurisdictional paragraphs of
the indictment or admitting the stipulation before the jury. The prosecutor did read the
jurisdictional paragraphs aloud when appellant was arraigned before the jury, but he did not
offer the written stipulation into evidence before the jury until the punishment phase of trial. 
The written stipulation is contained in the reporter's record as State's Exhibit 3.

 At the end of the State's case-in-chief, appellant made a motion for a directed verdict,
arguing,

 The State never proved the prior DWIs in order to establish jurisdiction. 
While the defendant did stipulate to them, it was never offered to the Court as
evidence by the State. It was never admitted before the jury. As a result,
while we did what we were supposed to do in order to keep that information
from coming before the Court, the State did not do what it was required to do. 
Therefore, this court lacks jurisdiction to hear this matter, and I move for a
directed verdict on that basis.


The trial judge, without commenting on appellant's volte-face, denied the motion.

 The trial judge then invited objections to the proposed jury charge. Appellant made
two objections to that charge, neither of which related to the prior DWI convictions or to the
omission of that jurisdictional element in the application paragraph.

 The jury returned a guilty verdict, and, during the punishment phase, appellant
testified and explained the circumstances surrounding his two prior DWI convictions. The
jury sentenced appellant to three years' imprisonment, but also recommended that he be
placed on community supervision. Appellant then appealed, arguing that the trial court erred
by failing to properly charge the jury about the necessity to find him guilty of two prior DWI
convictions before finding him guilty of a felony DWI offense.

II.


 In Tamez v. State, (4) this Court held that a defendant is entitled to stipulate to the two
jurisdictional prior DWI convictions in a felony DWI trial and thereby prevent the State from
offering otherwise admissible evidence of those convictions. (5) This offer to stipulate is one
that the State may not refuse. The rationale of the Tamez holding was to reduce the
possibility of unfair prejudice to the defendant during the guilt stage of a felony DWI trial. 
Such prejudice might otherwise occur if the jury misused the evidence of two (or more) prior
convictions-admissible only to prove felony jurisdiction-in determining his guilt of the
present, charged DWI offense. (6) Thereafter, Tamez spawned a cottage industry of subsidiary
issues, the most recent of which is the present question of whether it is error to omit any
reference to the jurisdictional prior convictions in the jury charge when the defendant has
stipulated to those convictions.

 Appellant argues that, despite his stipulation to the two prior jurisdictional DWIs,


 the jury is still required to be properly charged on the applicable law and
properly have the law applied in an application paragraph regarding the two
prior DWI convictions in order to properly convict Appellant of the felony
DWI offense.


 Appellant is correct. A jury charge must distinctly set forth the law applicable to the
case and set out all of the essential elements of the offense. (7) This requirement includes
jurisdictional elements. Thus, the jury charge must inform the jury of the existence of the
two prior DWI convictions that the defendant has stipulated to and that the State relies upon
for conviction of a felony DWI offense. (8) 

 The trial court can instruct the jury about the stipulated prior convictions in any of
several different ways. One way is to include the specific indictment allegations of the two
prior DWI convictions in the application paragraph with a separate paragraph stating that the
defendant has stipulated to the existence of those two prior convictions, thus that
jurisdictional element has been established. This separate paragraph would also instruct the
jury to find that the jurisdictional prior convictions may not be used for any other purpose in
determining the guilt of the defendant on the charged occasion. Another way is to simply
charge the elements of the underlying DWI offense and include a paragraph stating that the
defendant has stipulated to the existence of two (specified or unspecified) prior DWI
convictions, and thus the jury is directed to find that those elements of felony DWI are
established. The parties or trial judge may devise other, entirely satisfactory, instructions to
inform the jury of the existence of the defendant's stipulation and of its effect-i.e., a felony
DWI requires proof of two prior DWI convictions, but, by agreement, that element is not
contested, therefore no evidence of the prior convictions is necessary, and that the
jurisdictional element is satisfied. The trial judge may give whatever other limiting
instructions are appropriate under the circumstances. Formality and technical legal language
are not necessary.

 The trial court errs in submitting a jury charge that contains neither any reference to
the jurisdictionally required prior convictions nor any reference to the defendant's stipulation. 
That error is analyzed under our familiar Almanza (9) standard. If the defendant objects to the
failure to include any reference to the jurisdictional element, he need show only some actual,
(not theoretical) harm calculated to injure his rights. (10) If the defendant does not object to the
jury charge, he must show that the jury charge caused him such "egregious harm" that he did
not have "a fair and impartial trial." (11)

 We briefly summarize the current status of the law when a defendant offers to
stipulate to the two jurisdictional prior DWI convictions in a felony DWI trial: (12) 

 1) The State must plead two jurisdictional prior DWI convictions in a felony DWI
indictment; it is the indictment that confers jurisdiction in the district court; (13)

 


 The State may (but is not required to) read the entire indictment, including the
two jurisdictional allegations (but only those two), in arraigning the defendant
in the presence of the jury; (14)


 

 3) Both the State and the defense may voir dire the jury concerning the range of
punishment for both a felony and misdemeanor DWI; (15)


 4) Nothing in the law requires that the jury be informed of the particulars of the
prior convictions in reading the indictment, voir dire, opening or closing
arguments or in the jury charge itself; (16)


 5) A defendant's stipulation to the two prior DWIs, being in the nature of a
judicial admission, has the legal effect of removing the jurisdictional element
from contention; a defendant may not offer evidence or argument in opposition
to his stipulation; (17)


 6) During the trial, the jury may be informed of the stipulation and any written
stipulation may be offered into evidence before the jury, but the evidence is
sufficient to support a defendant's conviction even if the stipulation is not
given or read to the jury; (18)



 In a bench trial, the guilt and punishment stages are not bifurcated, so the State
is not required to offer the stipulation during the initial portion of the hearing,
even if the proceeding is improperly bifurcated. (19) 



To that list, we now add:


 8) The jury charge must include some reference to the jurisdictional element of 
two prior DWI convictions in a felony DWI trial;


 9) The jury charge must include some reference to the defendant's stipulation and
its legal effect of establishing the jurisdictional element.


 10) Any error in failing to include, in the jury charge, some reference to the
jurisdictional element and the stipulation is analyzed under Almanza.


III.



 In this case, the court of appeals correctly stated that


 when Martin's stipulation was executed and accepted by the State and the trial
court, the burden to produce evidence of Martin's two previous DWI
convictions was removed. For all practical purposes, the State's burden of
production was reduced to that of simply proving the elements of the
underlying April 18, 2003, DWI. (20)


The court of appeals was mistaken, however, in reasoning further that, because of the
stipulation,

 Martin's prior convictions were no longer "the law applicable to the case" for
purposes of complying with articles 36.14 and 36.19 [dealing with the trial
court's charge]. It was therefore unnecessary for the trial court to include in
the jury's instructions any issue regarding the stipulated prior convictions. (21)


The law that applies to any felony DWI offense includes the jurisdictional element of two
prior DWI convictions. Although a defendant's stipulation takes this jurisdictional element
out of contention and obviates the need for any evidentiary proof of that element, the jury
must still be instructed on all of the law concerning a felony DWI offense. The jury should
then be instructed, by whatever means and with whatever words are deemed most appropriate
to the parties and the trial court, about the existence and legal effect of the defendant's
stipulation. That did not occur in the present case. It was error. (22) 

 Nonetheless, we need not remand this case to the court of appeals to re-review the
record. (23) In this Court, appellant recognizes the applicability of Almanza to this unobjected-to jury-charge error and more than half of his Brief addresses the issue of egregious harm
under Almanza. We therefore find it unnecessary to remand this case to the court of appeals
to conduct a harm analysis when all of the materials are before us and appellant has fully
briefed the issue. 

 Appellant correctly states that, when conducting a harm analysis under Almanza, the
reviewing court considers the following four factors: 

 (1) The charge itself;


 (2) The state of the evidence, including contested issues and the weight of the
probative evidence;


 (3) Arguments of counsel;


 (4) Any other relevant information revealed by the record of the trial as a whole. (24)


In the present case, appellant has failed to show harm under any of these factors.

 First, the charge is deficient, but it is not deficient in any way that would prejudice
appellant's rights. In fact, the jury charge benefits him because it does not mention anything
about his two prior DWI convictions, the very convictions that he did not want the jury to be
made aware of. Appellant's only "egregious harm" argument is that "[i]f the jury simply
finds Appellant guilty of driving or operating a motor vehicle in a public place while
intoxicated under the charge given, they would be convicting him of a first offense DWI
under Tex. Pen. Code Ann. § 49.04." Indeed, that would be true if: (1) appellant had not
stipulated to the two prior convictions; and (2) the State had, in the absence of a stipulation, 
failed to offer any proof of those prior convictions. Appellant states that "[a]n erroneous or
an incomplete jury charge jeopardizes a defendant's right to jury trial because it fails to
properly guide the jury in its fact finding function." 

 But appellant cannot prevail on his claim that the jury charge caused him egregious
harm. If he wants the jury to decide the fact of whether he has two prior DWI convictions,
he should not stipulate to them and take that element away from the jury. If he wishes to
stipulate to those prior convictions and take that factual element away from the jury, then he
cannot later complain that his trial was fundamentally unfair because the jury did not have
an opportunity to decide that uncontested element.

 Second, as to the evidence, the stipulation took the prior DWI convictions out of
contention and thus while they comprised a jurisdictional element, the existence of that
element had been agreed to. There is no evidentiary dispute that appellant had previously
been convicted of two prior DWI offenses. 

 Third, neither side mentioned the two prior convictions in their closing arguments, and
appellant does not suggest that the closing arguments caused or increased any possible harm
to his rights. 

 Fourth, there is no other relevant information in the record that appellant suggests
caused or increased any harm from the trial court's failure to include an instruction
concerning the jurisdictional element of prior convictions and his stipulation to that element. 
In sum, we can discern no harm, much less egregious harm, to appellant's right to a fair and
impartial trial of this felony DWI case. 

 We therefore affirm the judgment of the court of appeals which upheld the jury's
verdict and sentence in this case.


Delivered: June 28, 2006

Publish
1. Martin v. State, 179 S.W.3d 685 (Tex. App.-Beaumont 2005). 
2. We granted appellant's two grounds for review:

(1) The court of appeals erred in holding that appellant's pre-trial stipulation to his two prior
DWI convictions precluded the requirement to charge the jury regarding the two prior
DWI convictions even though they were elements of the offense charged.

(2) The court of appeals disregarded current case law requiring that the prior convictions
must be included in the jury charge and found to be true before a jury may find a
defendant guilty of felony DWI even when appellant files a pre-trial stipulation.
3. Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1985) (op. on reh'g).
4. 11 S.W.3d 198 (Tex. Crim. App. 2000).
5. Id. at 202-03.
6. Id.
7. Tex. Code Crim. Proc. art. 36.14. See Dinkins v. State, 894 S.W.2d 330, 339 (Tex.
Crim. App. 1995) ("Because the charge is the instrument by which the jury convicts, the charge
must contain an accurate statement of the law and must set out all the essential elements of the
offense.") (citation omitted).
8. State v. Mewbourn, 993 S.W.2d 771, 773 (Tex. App.-Tyler 1999, no pet.) ("the prior
convictions must be included in the jury charge and found to be true before a jury may find a
defendant guilty of the offense of felony DWI") (citations omitted); Martin v. State, 84 S.W.3d
267, 269 (Tex. App.-Beaumont 2002, pet ref'd) (quoting Mewbourn); Orona v. State, 52 S.W.3d
242, 246 (Tex. App.-El Paso 2002, no pet.) (noting that, in a felony DWI trial, "the prior
convictions must be included in the body of the main charge before the jury is authorized to
make a general finding of guilt") (citations omitted); Vanderhorst v. State, 52 S.W.3d 237, 241
(Tex. App.-Eastland 2001, pet. ref'd) (even when the defendant stipulates to the existence of two
prior DWI convictions, "[t]he application paragraph in the court's charge still should require the
jury, before rendering a verdict of guilty, to find that a defendant is guilty of all of the elements
of the felony DWI offense, including the jurisdictional element").
9. Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1985) (op. on reh'g).
10. Id. at 171.
11. Id. at 174 (such a fundamental error must "go to the very basis of the case," or "vitally
affect his defensive theory").
12. It is the defendant's responsibility to draft an acceptable written stipulation, signed by
the defendant. The trial judge need not accept a stipulation that is not dispositive of the
jurisdictional element.
13. Tamez, 11 S.W.3d at 201-02; Hollen v. State, 117 S.W.3d 798, 800 (Tex. Crim. App.
2003).
14. Id. at 201-02.
15. Hollen, 117 S.W.3d 802 n. 31.
16. Id. at 803 (Holcomb, J., concurring); Robles v. State, 85 S.W.3d 211, 214 (Tex. Crim.
App. 2002) (Womack, J., concurring) (noting that the specifics of the prior DWI convictions are
evidentiary matters, the jurisdictional element is that "the person has previously been convicted .
. . (2) two times of any other offense relating to the operating of a motor vehicle while
intoxicated").
17. Bryant, 187 S.W.3d at 400 ( "[a] fact that is judicially admitted needs no evidence from
the party benefitting by the admission . . . the fact is thereafter to be taken for granted; so that the
one party need offer no evidence to prove it, and the other is not allowed to disprove it") (quoting
9 Wigmore on Evidence § 2591 (3d ed. 1940)).
18. Hollen, 117 S.W.3d at 801; Bryant, 187 S.W.3d at 401. However, the evidence might
not be sufficient on appeal if the stipulation is neither read into the record before the trial judge
nor appears elsewhere in the record. Id. at 404 (Johnson, J., concurring); id. at 405 & n.1
(Cochran, J., concurring).
19. Barfield v. State, 63 S.W.3d 446, 448-51 (Tex. Crim. App. 2001).
20. Martin, 179 S.W.3d at 687.
21. Id.
22. In its Brief, the State asserts, "At the request of appellant's counsel[,] the language
regarding his prior intoxication convictions were stricken from the jury charge." State's Brief at
2. We are unable to find such a request in the trial court record. We note that appellant did make
two objections to the jury charge, but neither of those deal with the issue of the prior convictions
or his stipulation. Right before reading the charge to the jury, the trial judge asked appellant if he
had any objections to the jury charge, and appellant responded that he had nothing to add to the
two objections he had already made. Thus, we will not address the State's contention that
appellant is estopped on appeal from claiming any error in the jury charge under Prystash v.
State, 3 S.W.3d 522 (Tex. Crim. App. 1999).
23. See Rodgers v. State, ___ S.W.3d __, __, No. PD-0645-05, 2006 Tex. Crim. App.
LEXIS 852, *17 (Tex. Crim. App. 2006).
24. Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996) (citations omitted).