COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS






GUILLERMO MORENO,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 §

 §


No. 08-08-00281-CR

Appeal from the

168th Judicial District Court

of El Paso County, Texas 

(TC# 20060D05685) 





O P I N I O N

            Guillermo Moreno appeals his conviction for aggravated assault with a deadly weapon. 
He contends that the trial court erred by refusing to include an accomplice witness instruction in
the jury charge and that the evidence was legally and factually insufficient to support the jury’s
verdict and deadly weapon finding.
            On September 3, 2006, Oscar Ramirez and his wife, Cynthia Lopez, were having a family
party at their home on Stacy Ann Street in El Paso. Several members of Mrs. Lopez’s extended
family were at the house, including several young children. At approximately 10:30 p.m.,
Mrs. Lopez heard several gun shots. She ran outside from the kitchen and saw a white Cadillac
Escalade SUV driving away from her home. Mrs. Lopez’s uncle, Ernesto Lopez, also heard the
shots, and testified that he ran outside to the front of the house and saw the white Escalade. He
remembered seeing the vehicle and then suddenly he was lying on the ground in the front yard. 
He suffered a gunshot wound to his left foot.
            Mr. Ramirez was watching television when he heard the shots. He told the other people
in the room to get on the floor for cover. He testified that as he looked out the front window of
his house, he saw an Escalade SUV drive by. After he checked on his daughter, who was asleep
in her crib in a front room, Mr. Ramirez picked up a rifle and went out to the front yard.


 He saw
Ernesto Lopez holding his foot, which was covered in blood. Mr. Ramirez testified that he did
not fire the rifle.
            Police and emergency medical services arrived at the Stacy Ann house a few minutes
after the shooting. Officers located eight 9-millimeter shell casings on the street in front of the
house. A firearms and tool mark examiner testified that the location of the shell casings in front
of the house indicated that the shooter was continually in motion as he fired. He further testified
that the bullets were fired from the same weapon. A crime scene technician documented several
bullet holes in the vehicles parked at the house on Stacy Ann. She also testified that one bullet
struck the house itself.
            A little before 4 a.m., investigators located the white Escalade parked at a house on
Snohomish Street in El Paso. Appellant was at the house when the police arrived. He indicated
to police that the residence and the Escalade were his. Officers located a bullet shell casing in
the Escalade. The casing was the same caliber, and was made by the same manufacturer, as the
casings found in the street on Stacy Ann.
            While at the Snohomish house, the police interviewed Claudia Espeleta. Ms. Espeleta
testified at trial that she was at Appellant’s house on September 3, 2006, smoking, drinking, and
partying with friends. She and a few others went for a drive with Appellant in the Escalade. The
group stopped at a gas station and then drove by the house on Stacy Ann Street. Ms. Espeleta
testified that she was in the Escalade’s passenger seat looking out the passenger-side window
when Appellant slowed down and started shooting. While the shots were being fired,
Ms. Espeleta could only see Appellant’s back because of the way he was turned in his seat. 
When the shots stopped and Appellant turned back to face the windshield, Ms. Espeleta saw him
holding a hand gun. Ms. Espeleta testified that Appellant drove the Escalade straight back to the
house on Snohomish after the shooting.
            Mike Dominguez was also in the Escalade during the shooting. During the investigation
at the Snohomish house, Mr. Dominguez told an El Paso County Sheriff’s Detective that
Appellant was the shooter and that he used a 9-millimeter handgun on the house on Stacy Ann.
            A jury found Appellant guilty of the aggravated assault of Ernesto Lopez and determined
that he used or exhibited a deadly weapon during the offense. Appellant was sentenced to seven
years’ imprisonment. On appeal, he raises three issues. In Issue One, Appellant contends the
trial court committed reversible error by refusing to include an accomplice witness instruction
regarding Ms. Espeleta in the court’s charge to the jury. In Issues Two and Three, Appellant
challenges the legal and factual sufficiency of the evidence supporting the jury’s guilty verdict
and its deadly weapon finding.
            In Issue One, Appellant challenges the trial court’s refusal to include an accomplice
witness instruction in the jury charge. When reviewing alleged errors in the charge, we must first
determine whether error exists. Druery v. State, 225 S.W.3d 491, 504 (Tex.Crim.App. 2007). If
there is an error, the degree of harm necessary for reversal depends on whether there was a proper
objection preserving the issue for review. Id. When, as in this case, there is no objection to the
charge, the issue will only serve as a basis for reversal if the harm was “egregious.” See
Oursbourn v. State, 259 S.W.3d 159, 174 (Tex.Crim.App. 2008). To satisfy the egregious harm
standard, the appellant must show that the charge error deprived him of his right to a fair and
impartial trial. Martin v. State, 200 S.W.3d 635, 639-40 (Tex.Crim.App. 2006).
            A defendant has a right to an instruction on any defensive theory raised by the evidence,
whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the
court may think about the credibility of the evidence. Granger v. State, 3 S.W.3d 36, 38
(Tex.Crim.App. 1999). “A conviction cannot be had upon the testimony of an accomplice unless
corroborated by other evidence tending to connect the defendant with the offense committed; and
the corroboration is not sufficient if it merely shows the commission of the offense.” Tex.Code
Crim.Proc.Ann. art. 38.14 (West 2005). An accomplice to a criminal offense participates with
a defendant before, during, or after the commission of a crime and acts with the required culpable
mental state. Paredes v. State, 129 S.W.3d 530, 536 (Tex.Crim.App. 2004). A witness may be
an accomplice either as a matter of law or fact. Cocke v. State, 201 S.W.3d 744, 747 
(Tex.Crim.App. 2006). The evidence determines what jury instruction, if any, is needed. Id. 
The trial court has no duty to include an accomplice witness instruction in the jury charge unless
there exists no doubt, or the evidence clearly shows that a witness is an accomplice witness as a
matter of law. Paredes, 129 S.W.3d at 536.
            Appellant contends, at a minimum, the evidence presented at trial raises a fact question as
to Ms. Espeleta’s status as an accomplice. He argues that Ms. Espeleta’s testimony demonstrated
that she participated in the offense by her presence in the Escalade during the shooting. 
However, as the State points out, evidence that a witness was present at the scene of a crime is
not sufficient to categorize that witness as an accomplice. See Druery, 225 S.W.3d at 500. 
Appellant does not cite, and we have not found, any additional evidence that Ms. Espeleta
performed other affirmative acts that could be construed as assistance to the assault. Therefore,
the trial court did not err in refusing Appellant’s requests for an accomplice witness instruction
or question. Issue One is overruled.
            In Issues Two and Three, Appellant challenges the legal and factual sufficiency of the
evidence supporting the conviction and the deadly weapon finding. As a preliminary matter, we
must note that since Appellant filed his brief in this case, the Texas Court of Criminal Appeals
has ruled that the only standard applicable to determine whether the evidence is sufficient to
support each element of a criminal offense is the standard for legal sufficiency defined by
Jackson v. Virginia. See Brooks v. State, 323 S.W.3d 893, 895 (Tex.Crim.App. 2010)(holding
that “the Jackson v. Virginia, legal-sufficiency standard is the only standard that a reviewing
court should apply in determining whether the evidence is sufficient to support each element of a
criminal offense . . . .”). Therefore, without addressing the merits of Appellant’s factual
insufficiency argument further, we overrule Issue Three.
            In Issue Two, Appellant challenges the legal sufficiency of the evidence supporting his
conviction. A legal sufficiency review requires the appellate court to determine whether,
considering all the evidence in the light most favorable to the verdict, the jury was rationally
justified in finding guilt beyond a reasonable doubt. See id. at 899 (citing Jackson v. Virginia,
443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). When conducting such a
review, this Court is required to defer to the jury’s role as the sole judge of witness credibility
and the weight that testimony is to be afforded. Id. Legal sufficiency of the evidence should be
assessed by the elements of the particular offense as indicated by the hypothetically correct jury
charge for the case. Malik v. State, 953 S.W.2d 234, 239-40 (Tex.Crim.App. 1997). We are not
to re-examine the evidence, imposing our own judgment as to whether guilt has been properly
established beyond a reasonable doubt; rather, we are only to assess if both the explicit and
implicit findings by the trier of fact are rational. Lyon v. State, 885 S.W.2d 506, 516-17
(Tex.App.--El Paso 1994, pet ref’d). Evidentiary inconsistencies are resolved in favor of the
verdict. Matson v. State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991).
            Appellant’s argument in Issue Two is premised on his argument that Ms. Espeleta was an
accomplice witness. Having concluded that Ms. Espeleta was an accomplice to the assault, and
thereby eliminating her testimony from the sufficiency review, Appellant argues the evidence is
insufficient to establish his identity as the shooter. Appellant has mistaken the standard for
determining whether an accomplice witness’s testimony is sufficiently corroborated pursuant to
Article 38.14 with a review of the sufficiency of the evidence supporting the conviction.
            As the applicable standard of review indicates, this Court must review all the evidence
presented to the jury. See Miramontes v. State, 225 S.W.3d 130, 139-40 (Tex.App.--El Paso
2005, no pet.). By contrast, a review of the evidence exclusive of an accomplice witness’s
testimony is proper when the challenge is to the sufficiency of the evidence corroborating the
accomplice witness’s testimony. See Utomi v. State, 243 S.W.3d 75, 80 (Tex.App.--Houston [1st
Dist.] 2007, pet. ref’d). Because Appellant’s argument does not challenge the sufficiency of the
evidence supporting any specific element of the actual offense for which he was convicted, and
because he fails to discuss how the evidence, including Ms. Espeleta’s testimony, is legally
insufficient, Issue Two is overruled.
            Having overruled all of Appellant’s issues, we affirm the trial court’s judgment.


March 9, 2011
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.)(Sitting by Assignment)

(Do Not Publish)