NO.
12-06-00192-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

WANDA BLACKWELDER,            §          APPEAL
FROM THE THIRD

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          ANDERSON
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Wanda
Blackwelder appeals from her conviction for murder.  In two issues, she argues that the evidence
is factually insufficient to support her conviction and that the court
improperly instructed the jury.  We
affirm.

Background








            Fred
Hayes married Appellant when he was eighty–two years old.  His health had declined, and he needed
someone to care for him.  Appellant, who
was in her fifties, agreed to move in with him and care for him.  They married, in part, because Hayes believed
that he should not live with a woman unless he was married to her.  Shortly after they were married, the two had
a will drafted in which they left their property to one another.  Less than a year later, Appellant killed
Fred.  The assault that ended in his
death was particularly brutal.  An expert
who examined his body testified that Hayes had fifty–eight separate and unique “impact
sites” on his head, the result of blows from a hard object, as well as numerous
other injuries.  Appellant told the
police that she hit Hayes with a metal peacock to knock some sense into
him.  Hayes also had human bite marks on
his arm, back, and the back of his knee. 
The bites were inflicted shortly before he died, and an expert testified
that Appellant is the one who bit Hayes on the back.  At some point after the assault, Appellant
dragged Hayes to the bathroom where she attempted to clean him up.  She took a shower herself, and called the
police.  The police arrived and found
Hayes dead and blood throughout the home, including on the ceiling of the
living room.  

            An
Anderson County grand jury indicted Appellant for murder.  A trial was held, and she was convicted of
murder.  In the punishment phase of the
trial, the jury considered whether she acted in sudden passion, determined that
she did not, and assessed punishment at thirty years of imprisonment.  This appeal followed. 

 

Factual
Sufficiency of the Evidence

            In her first issue, Appellant argues
that the evidence is factually insufficient to support the verdict.

Standard of Review and Applicable Law

            We
review the factual sufficiency of the evidence to determine whether,
considering all the evidence in a neutral light, the evidence supporting the
conviction is too weak to withstand scrutiny or the great weight and preponderance
of the evidence contradicts the jury’s verdict to the extent that the verdict
is clearly wrong and manifestly unjust.  See
Watson v. State, 204 S.W.3d 404, 414–15, 417 (Tex. Crim. App.
2006).  In doing so, we must first assume
that the evidence is legally sufficient under the Jackson v. Virginia[1]
standard.  See Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996). 
We then consider all of the evidence that tends to prove the existence
of the elemental fact in dispute and compare it to the evidence that tends to
disprove that fact.  See Santellan
v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).  

            Our
role is that of appellate review, and the fact finder is the judge of the
weight and credibility of a witness’s testimony.  Wesbrook v. State, 29 S.W.3d
103, 111–12 (Tex. Crim. App. 2000).  The
fact finder may choose to believe all, some, or none of a witness’s
testimony.   Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
When we review the factual sufficiency of the evidence, we are
authorized to disagree with the jury’s determination, even if probative
evidence exists that supports the verdict. 
See Clewis, 922 S.W.2d at 133.  But our evaluation should not substantially
intrude upon the jury’s role as the judge of the weight and credibility of
witness testimony.  See Santellan,
939 S.W.2d at 164. 

            As
charged in the indictment, the State was required to prove either that
Appellant intentionally or knowingly caused the death of Fred Hayes by striking
him with a deadly weapon or, with the intent to cause serious bodily injury,
committed an act clearly dangerous to human life that caused Fred Hayes’s
death.  Tex.
Penal Code Ann. § 19.02(b)(1), (b)(2) (Vernon 2006). 

Analysis

            Appellant
does not argue that she did not kill Hayes. 
Rather she argues that she did not have the intent to cause his death or
to cause serious bodily injury.  The
theory she presented at trial and on appeal is that she simply “snapped” and
that she therefore acted without intent. 
She offers the following evidence in support of this theory.

 

1)            Appellant
did not flee the scene and called 911.

 

2)            Appellant
told law enforcement officers that she simply wanted to get away from Hayes and
did not intend to cause him serious harm.

 

3)            A
nurse who examined Appellant thought her story was plausible when she first
heard it.

 

4)            A
former sheriff’s deputy, who assisted in the investigation, testified that it
was possible that Appellant’s version of events was correct and possible that
she did not intend to harm Fred.[2]

 

            Generally
speaking, intent is a matter of fact to 
be determined from all of the circumstances surrounding an action.  See Smith v. State, 965 S.W.2d
509, 518 (Tex. Crim. App. 1998). A defendant’s intentions or mental state can
be inferred from circumstantial evidence, such as his words, acts, and
conduct.  See id.; Guevara
v. State, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004).  Indeed, it is often the case that there is
not a statement of intent, and so the finder of fact is guided principally by
the inferences drawn from the actions of the defendant.  In this case, there is a statement of intent,
or rather a statement of a lack of intent. 
Appellant told several people that she did not intend to hurt Fred or to
kill him.  She stated that she just “snapped.”  

            A
person acts intentionally if it is her conscious desire to engage in certain
conduct or to cause a certain result.  See
Tex. Penal Code Ann. § 6.03(a)
(Vernon 2006).  A person acts knowingly
if she is aware of the nature of her conduct and is aware that her conduct is
reasonably certain to cause a certain result. 
See id. § 6.03(b). 
Assuming that it is possible for a sane person[3] to strike a man
more than fifty times with a heavy metal statue without being aware of the
nature of the conduct or the likely result, we are not persuaded that there is
any failure of proof on the issue of intent.

            It
is true that Appellant stated after the fact that she did not intend to kill or
injure Hayes and that there was not evidence of premeditation or an attempt to
escape the jurisdiction.  But the jury
was not required to believe Appellant’s account of her mental state.  The physical evidence provides another
reasonable inference.  The jury
reasonably concluded that a person who hits a frail, eighty–three year old man
in the head with a metal statue more than fifty times either intended that
person’s death or would be aware that such conduct could cause death or serious
bodily injury.  See Brown v. State,
122 S.W.3d 794, 800 (Tex. Crim. App. 2003) (jury could infer the intent to kill
from the use of the deadly weapon). 
Additionally, the examining nurse testified that while Appellant’s story
sounded plausible when she first heard it, she eventually concluded that the
story had too many gaps in the time line for her to completely believe
Appellant’s account.  The sheriff’s
deputy testified that he did not believe Appellant intended to kill Fred, just
that there was an altercation and she lost control.  

            Given
the severity of the beating, the length of time it would have taken to
administer, and the sheer gore of the crime scene, at least some of which would
have been present before the beating was completed, coupled with the age and
infirmity of the victim, there is sufficient evidence for the jury to conclude
that Appellant acted with intent to kill or seriously injure Hayes when she
assaulted him.  We overrule Appellant’s
first issue.

 

Jury Charge

            In
her second issue, Appellant argues that the trial court committed egregious
error in its charge to the jury.

Standard of Review

            When
there is no objection to a jury charge, we review any error for egregious
harm.  Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1985). 
In evaluating that question, we consider 1) the charge itself, 2) the
state of the evidence, including contested issues and the weight of the
probative evidence, 3) the arguments of counsel, and 4) any other relevant
information.  See Martin v. State,
200 S.W.3d 635, 642 (Tex. Crim. App. 2006). 
The purpose of this review is to illuminate the actual, not just
theoretical, harm to the accused.  Almanza,
686 S.W.2d at 174.  Egregious harm is a
difficult standard to meet and must be determined on a case by case basis.
Ellison v. State, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002).

The Charge

            The
relevant part of the charge is as follows:

 

Now, if you find
from the evidence beyond a reasonable doubt that on or about the 18th day of
May 2004 in Anderson County, Texas the defendant, Wanda Blackwelder, did then
and – did then and then and there [sic] intentionally or knowingly cause the
death of an individual, Fred Marion Hayes, by causing blunt sharp force
injuries by striking Fred Marion [Hayes] with an object or objects including a
statue that in the manner of its use or intended use was capable of causing
death or with the intent to cause serious bodily injury to Fred Marion Hayes,
commit an act clearly dangerous to human life, namely by striking Fred Marion
Hayes with an object or objects including a statue that in the manner of its
use or intended use was capable of causing death or serious bodily injury then
you will find the defendant guilty of murder . . . .

 

Analysis

            The relevant statute provides that a
person is guilty of murder if he “intends to cause serious bodily injury and
commits an act clearly dangerous to human life that causes the death of an
individual.”  Tex. Penal Code Ann. § 19.02(b)(2).  The underscored words are not in the quoted
passage of the jury charge.  They were
present, however, in the beginning part of the jury charge where the trial
court instructed the jury that a person commits murder “if she intends to cause
serious bodily injury and intentionally or knowingly commits an act clearly
dangerous to human life that causes the death of an individual.” 

            Appellant
argues, citing Johnson v. State, 770 S.W.2d 72, 75 (Tex. App.–Texarkana
1989), aff’d on other grounds, 815 S.W.2d 707 (Tex. Crim. App. 1991),
that the trial court’s instructions erroneously permitted the jury to convict
her without finding that she had killed Fred Hayes.  In Johnson, the trial court
gave a very similar instruction, and the Sixth Court of Appeals found that it
erroneously permitted a conviction without proof that the defendant caused the
death.  Id. 

            We
agree with the State that it is possible to read the quoted passage and not
conclude that a conviction is authorized without proof that Appellant killed
Hayes.[4]  Nevertheless, Johnson is
directly on point and, therefore, we will assume that there was error.  Because there was no objection to the jury
charge, the question is whether Appellant suffered egregious harm.  See Almanza, 686 S.W.2d
at 171.  

            Appellant
suffered no harm, and certainly did not suffer the kind of harm that went to
the very basis of the case, vitally affected her defensive theory, or otherwise
denied her a fair trial.  See id.
at 174; Martin, 200 S.W.3d at 640.  The jury was instructed properly on the
definition of murder in an earlier part of the charge.  Furthermore, no party argued that Appellant
did not kill Hayes or that a conviction was appropriate without proof that she
killed him.  Appellant did not argue that
she did not kill Hayes, and she admitted that she had killed him to several
witnesses.  The harm in this case was
purely hypothetical, and we perceive no danger that the jury concluded they
could convict Appellant of murder even if they did not find that she caused his
death.  We conclude, as did the court in Johnson,
that Appellant did not suffer egregious harm. 
We overrule Appellant’s second issue.

Disposition

            Having
overruled Appellant’s two issues, we affirm the judgment of the
trial court.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion
delivered July 31, 2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] Jackson v. Virginia, 443 U.S.
307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).





[2] Appellant also directs our attention to the
testimony of Dr. David Self.  Dr. Self
testified in the punishment phase of the trial, and so we do not consider his
testimony for purposes of the factual sufficiency of the evidence supporting
the “guilty” verdict.





[3] Appellant did not interpose an insanity
defense.





[4] The State argues that, properly read, the
court authorized a murder conviction if the jury found that Appellant caused
Hayes’s death 1) by intentionally killing him or 2) by committing an act
clearly dangerous to human life with the intent to cause serious bodily
injury.  This is a plausible reading of
the charge, but it differs from the earlier rendition of the law in the charge.