COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| GUILLERMO MORENO, | | No. 08-08-00281-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 168th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20060D05685) |
| | § | |
| | § | |

**O P I N I O N**

Guillermo Moreno appeals his conviction for aggravated assault with a deadly weapon. He contends that the trial court erred by refusing to include an accomplice witness instruction in the jury charge and that the evidence was legally and factually insufficient to support the jury's verdict and deadly weapon finding.

On September 3, 2006, Oscar Ramirez and his wife, Cynthia Lopez, were having a family party at their home on Stacy Ann Street in El Paso. Several members of Mrs. Lopez's extended family were at the house, including several young children. At approximately 10:30 p.m., Mrs. Lopez heard several gun shots. She ran outside from the kitchen and saw a white Cadillac Escalade SUV driving away from her home. Mrs. Lopez's uncle, Ernesto Lopez, also heard the shots, and testified that he ran outside to the front of the house and saw the white Escalade. He remembered seeing the vehicle and then suddenly he was lying on the ground in the front yard. He suffered a gunshot wound to his left foot.

Mr. Ramirez was watching television when he heard the shots. He told the other people in the room to get on the floor for cover. He testified that as he looked out the front window of his house, he saw an Escalade SUV drive by. After he checked on his daughter, who was asleep in her crib in a front room, Mr. Ramirez picked up a rifle and went out to the front yard.[1] He saw Ernesto Lopez holding his foot, which was covered in blood. Mr. Ramirez testified that he did not fire the rifle.

Police and emergency medical services arrived at the Stacy Ann house a few minutes after the shooting. Officers located eight 9-millimeter shell casings on the street in front of the house. A firearms and tool mark examiner testified that the location of the shell casings in front of the house indicated that the shooter was continually in motion as he fired. He further testified that the bullets were fired from the same weapon. A crime scene technician documented several bullet holes in the vehicles parked at the house on Stacy Ann. She also testified that one bullet struck the house itself.

A little before 4 a.m., investigators located the white Escalade parked at a house on Snohomish Street in El Paso. Appellant was at the house when the police arrived. He indicated to police that the residence and the Escalade were his. Officers located a bullet shell casing in the Escalade. The casing was the same caliber, and was made by the same manufacturer, as the casings found in the street on Stacy Ann.

---

[1] Several weeks before the shooting, Mr. Ramirez saw several men pass through the property on foot. The men left without incident, but Mr. Ramirez did notice that one appeared to be carrying a hand gun. Over the next several days, Mr. Ramirez noticed that a black Lincoln drove slowly by the house almost daily. Concerned that whoever was driving the black car might think he was somehow involved with the group of men who ran through his yard, Mr. Ramirez purchased a rifle for protection.

While at the Snohomish house, the police interviewed Claudia Espeleta.  Ms. Espeleta testified at trial that she was at Appellant's house on September 3, 2006, smoking, drinking, and partying with friends.  She and a few others went for a drive with Appellant in the Escalade.  The group stopped at a gas station and then drove by the house on Stacy Ann Street.  Ms. Espeleta testified that she was in the Escalade's passenger seat looking out the passenger-side window when Appellant slowed down and started shooting.  While the shots were being fired, Ms. Espeleta could only see Appellant's back because of the way he was turned in his seat. When the shots stopped and Appellant turned back to face the windshield, Ms. Espeleta saw him holding a hand gun.  Ms. Espeleta testified that Appellant drove the Escalade straight back to the house on Snohomish after the shooting.

Mike Dominguez was also in the Escalade during the shooting.  During the investigation at the Snohomish house, Mr. Dominguez told an El Paso County Sheriff's Detective that Appellant was the shooter and that he used a 9-millimeter handgun on the house on Stacy Ann.

A jury found Appellant guilty of the aggravated assault of Ernesto Lopez and determined that he used or exhibited a deadly weapon during the offense.  Appellant was sentenced to seven years' imprisonment.  On appeal, he raises three issues.  In Issue One, Appellant contends the trial court committed reversible error by refusing to include an accomplice witness instruction regarding Ms. Espeleta in the court's charge to the jury.  In Issues Two and Three, Appellant challenges the legal and factual sufficiency of the evidence supporting the jury's guilty verdict and its deadly weapon finding.

In Issue One, Appellant challenges the trial court's refusal to include an accomplice witness instruction in the jury charge.  When reviewing alleged errors in the charge, we must first

-3-

determine whether error exists. *Druery v. State*, 225 S.W.3d 491, 504 (Tex.Crim.App. 2007). If there is an error, the degree of harm necessary for reversal depends on whether there was a proper objection preserving the issue for review. *Id*. When, as in this case, there is no objection to the charge, the issue will only serve as a basis for reversal if the harm was "egregious." *See Oursbourn v. State*, 259 S.W.3d 159, 174 (Tex.Crim.App. 2008). To satisfy the egregious harm standard, the appellant must show that the charge error deprived him of his right to a fair and impartial trial. *Martin v. State*, 200 S.W.3d 635, 639-40 (Tex.Crim.App. 2006).

A defendant has a right to an instruction on any defensive theory raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the court may think about the credibility of the evidence. *Granger v. State*, 3 S.W.3d 36, 38 (Tex.Crim.App. 1999). "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." TEX.CODE CRIM.PROC.ANN. art. 38.14 (West 2005). An accomplice to a criminal offense participates with a defendant before, during, or after the commission of a crime and acts with the required culpable mental state. *Paredes v. State*, 129 S.W.3d 530, 536 (Tex.Crim.App. 2004). A witness may be an accomplice either as a matter of law or fact. *Cocke v. State*, 201 S.W.3d 744, 747 (Tex.Crim.App. 2006). The evidence determines what jury instruction, if any, is needed. *Id*. The trial court has no duty to include an accomplice witness instruction in the jury charge unless there exists no doubt, or the evidence clearly shows that a witness is an accomplice witness as a matter of law. *Paredes*, 129 S.W.3d at 536.

Appellant contends, at a minimum, the evidence presented at trial raises a fact question as

-4-

to Ms. Espeleta's status as an accomplice. He argues that Ms. Espeleta's testimony demonstrated that she participated in the offense by her presence in the Escalade during the shooting. However, as the State points out, evidence that a witness was present at the scene of a crime is not sufficient to categorize that witness as an accomplice. *See Druery*, 225 S.W.3d at 500. Appellant does not cite, and we have not found, any additional evidence that Ms. Espeleta performed other affirmative acts that could be construed as assistance to the assault. Therefore, the trial court did not err in refusing Appellant's requests for an accomplice witness instruction or question. Issue One is overruled.

In Issues Two and Three, Appellant challenges the legal and factual sufficiency of the evidence supporting the conviction and the deadly weapon finding. As a preliminary matter, we must note that since Appellant filed his brief in this case, the Texas Court of Criminal Appeals has ruled that the only standard applicable to determine whether the evidence is sufficient to support each element of a criminal offense is the standard for legal sufficiency defined by *Jackson v. Virginia*. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex.Crim.App. 2010)(holding that "the *Jackson v. Virginia*, legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense . . . ."). Therefore, without addressing the merits of Appellant's factual insufficiency argument further, we overrule Issue Three.

In Issue Two, Appellant challenges the legal sufficiency of the evidence supporting his conviction. A legal sufficiency review requires the appellate court to determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *See id.* at 899 (citing *Jackson v. Virginia*,

-5-

443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). When conducting such a review, this Court is required to defer to the jury's role as the sole judge of witness credibility and the weight that testimony is to be afforded. *Id*. Legal sufficiency of the evidence should be assessed by the elements of the particular offense as indicated by the hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 239-40 (Tex.Crim.App. 1997). We are not to re-examine the evidence, imposing our own judgment as to whether guilt has been properly established beyond a reasonable doubt; rather, we are only to assess if both the explicit and implicit findings by the trier of fact are rational. *Lyon v. State*, 885 S.W.2d 506, 516-17 (Tex.App.--El Paso 1994, pet ref'd). Evidentiary inconsistencies are resolved in favor of the verdict. *Matson v. State*, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991).

Appellant's argument in Issue Two is premised on his argument that Ms. Espeleta was an accomplice witness. Having concluded that Ms. Espeleta was an accomplice to the assault, and thereby eliminating her testimony from the sufficiency review, Appellant argues the evidence is insufficient to establish his identity as the shooter. Appellant has mistaken the standard for determining whether an accomplice witness's testimony is sufficiently corroborated pursuant to Article 38.14 with a review of the sufficiency of the evidence supporting the conviction.

As the applicable standard of review indicates, this Court must review all the evidence presented to the jury. *See Miramontes v. State*, 225 S.W.3d 130, 139-40 (Tex.App.--El Paso 2005, no pet.). By contrast, a review of the evidence exclusive of an accomplice witness's testimony is proper when the challenge is to the sufficiency of the evidence corroborating the accomplice witness's testimony. *See Utomi v. State*, 243 S.W.3d 75, 80 (Tex.App.--Houston [1st Dist.] 2007, pet. ref'd). Because Appellant's argument does not challenge the sufficiency of the

evidence supporting any specific element of the actual offense for which he was convicted, and because he fails to discuss how the evidence, including Ms. Espeleta's testimony, is legally insufficient, Issue Two is overruled.

Having overruled all of Appellant's issues, we affirm the trial court's judgment.

March 9, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.)(Sitting by Assignment)

(Do Not Publish)