ACCEPTED
12-14-00303-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/19/2015 8:17:14 PM
CATHY LUSK
CLERK

ORAL ARGUMENT NOT REQUESTED

NO. 12-14-00303-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
2/19/2015 8:17:14 PM
CATHY S. LUSK
Clerk

IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

---

CRAIG PRUITT,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

---

ON APPEAL IN CAUSE NUMBER 007-0996-14
FROM THE 7th DISTRICT COURT
OF SMITH COUNTY, TEXAS
HONORABLE KERRY RUSSELL, JUDGE PRESIDING

APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437
ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
   Craig Pruitt

APPELLANT'S TRIAL COUNSEL:
   John Jarvis
   326 S. Fannin
   Tyler, Texas 75702
   903-592-6576

APPELLANT'S APPELLATE COUNSEL
   James Huggler
   100 E. Ferguson, Suite 805
   Tyler, Texas 75702
   903-593-2400

APPELLEE
   The State of Texas

APPELLEE'S TRIAL COUNSEL
   Jeff Wood
   Bryan Jiral
   Smith County Criminal District Attorney's Office
   100 N. Broadway, 4th Floor
   Tyler, Texas 75702
   903-590-1720
   903-590-1719 (fax)

APPELLEE'S APPELLATE COUNSEL
   Michael West
   Smith County Criminal District Attorney's Office
   100 N. Broadway, 4th Floor
   Tyler, Texas 75702
   903-590-1720
   903-590-1719 (fax)

## TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

PROFESSIONAL EVALUATION OF THE RECORD. . . . . . . . . . . . . . 4

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF SERVICE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

STATUTES

TEX. CODE CRIM. PROC. ANN. Art. 4.05 (West 2013)................. 5

TEX. PENAL CODE ANN. §12.42(a) (West 2013).................. 2, 3, 6

TEX. PENAL CODE ANN. §46.04(a)(2) (West 2013)............. 2, 3, 5, 6

TEX. PENAL CODE ANN. §46.04(e) (West 2013). ................ 2, 3, 5


CASES

Anders v. California, 386 U.S. 738, 87 S. Ct. 1396,
    18 L. Ed. 2d 493 (1967). ................................. 3, 4

Bray v. State, 179 S.W.3d 725 (Tex. App.– Fort Worth 2005, no pet.). . 6

Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781,
    61 L. Ed. 2d 560 (1979). ................................. 6

Martin v. State, 200 S.W.3d 635, 640 (Tex. Crim. App. 2006)........

Mays v. State, 904 S.W.2d 920 (Tex. App. – Fort Worth 1995, no pet.). 4

Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991)............ 8

Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052,
    80 L. Ed. 2d 674 (1984). ................................. 7

Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App. 1999)........... 7


RULES

TEX. R. APP. PROC. 9.4.................................... 9

TEX. R. APP. PROC. 38. .................................. 1, 4

| | | |
|---|---|---|
| CRAIG PRUITT, | § | IN THE COURT OF APPEALS |
| APPELLANT | § | |
| | § | |
| VS. | § | 12TH JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | TYLER, TEXAS |

## APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES THEREOF:

Comes now Craig Pruitt, ("Appellant"), by and through his attorney of record, James Huggler, and pursuant to the provisions of TEX. R. APP. PROC. 38, et seq., respectfully submits this brief on appeal.

## STATEMENT OF THE CASE

Appellant was charged by indictment with the felony offense of Unlawful Possession of a Firearm by a Felon in Smith County occurring

on June 18, 2014. CR 4;[1] TEX. PENAL CODE ANN. §46.04(a)(2) (West 2013). This third degree felony offense was enhanced to a second degree punishment range with a previous felony conviction not alleged in the jurisdictional paragraph. TEX. PENAL CODE ANN. §§ 46.04(e) and 12.42(a) (West 2013).

Mr. Pruitt entered a plea of guilty without an agreement. CR 36; I RR 30.[2] Following evidence and argument, the trial court sentenced Mr. Pruitt to eight years confinement. CR 44-45; II RR 20. Timely notice of appeal was filed. CR 49. This brief is timely filed on or before February 19, 2015.

## ISSUES PRESENTED

None

---

[1] References to the Clerk's Record are designated "CR" with an arabic numeral following "CR" specifying the correct page in the record.

[2] References to the Reporter's Record are designated "RR" with a roman numeral preceding "RR" specifying the correct volume, and an arabic numeral following designating the correct page.

## STATEMENT OF THE FACTS

Appellant was charged by indictment with the third felony offense of unlawful possession of a firearm by a felon. CR 4; TEX. PENAL CODE ANN. §§46.04(a)(2) and (e) (West 2013). The punishment range was enhanced to a second degree by the allegation that Mr. Pruitt had been convicted of a different felony offense. CR 4; TEX. PENAL CODE ANN. §12.42 (a)(West 2013).

Mr. Pruitt entered a plea of guilty to the indictment, and a plea of true to the enhancement paragraph without an agreement as to punishment. CR 36-40; I RR 30. Following evidence and argument of counsel, the court assessed an eight year sentence. CR 44-45; II RR 20. Further discussion of the facts in the case is included below.

## SUMMARY OF ARGUMENT

Counsel has reviewed the record and has concluded that, in his professional opinion, the record contains no reversible error or jurisdictional defects. Anders v. California, 386 U.S. 738, 744, 87 S. Ct.

3

1396, 1400, 18 L. Ed. 2d 493 (1967).   Thus, counsel must move for leave

to withdraw from the case.

## ARGUMENT

There is no argument to present to this Court; however, Counsel has

included this section to strictly comply with Texas Rule of Appellate

Procedure 38.  Counsel has reviewed the record and has concluded that,

in his professional opinion, the record contains no reversible error or

jurisdictional defects.  Anders v. California, 386 U.S. 738, 744, 87 S. Ct.

1396, 1400, 18 L. Ed. 2d 493 (1967).  Therefore, counsel is including the

following explanatory section.

## PROFESSIONAL EVALUATION OF THE RECORD

When counsel contends that there are no arguable grounds for

reversal on appeal, counsel is required to present a professional

evaluation of the record supporting this assertion.  See Mays v. State, 904

S.W.2d 920, 922-23 (Tex. App. – Fort Worth 1995, no pet.).  Counsel has

4

conducted a review of the record, and has concluded that it presents no arguable error.

Counsel first reviewed the record for jurisdictional defects, and has found none. The offense is classified as a third degree felony. TEX. PENAL CODE ANN. §46.04(a)(2) and (e) (West 2013). The State must allege and prove that Mr. Pruitt had previously been convicted of a felony offense. Id. The State alleged a previous conviction from Henderson County, Texas. CR 4. As charged in the indictment, the base offense was a third degree felony; thus, the trial court has jurisdiction over the case. See TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2013) (stating that district courts shall have original jurisdiction in all felony cases). The indictment filed conferred jurisdiction on the trial court and provided Appellant with sufficient notice of the charged offense.

Counsel has examined the totality of evidence as well, and has determined that there are no arguable grounds for review of the sufficiency of the evidence. For legal sufficiency purposes, the question is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential

5

elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979).

A person commits an offense if he possesses a firearm after the fifth anniversary of his release from parole at any location other than the premises at which the person lives. TEX. PENAL CODE ANN. §46.04(a) (West 2013). The punishment range was enhanced with the allegation that Mr. Pruitt had also previously been convicted of a different felony possession of a controlled substance in Van Zandt County, Texas. CR 4; TEX. PENAL CODE ANN. §12.42(a) (West 2013).

The sentence assessed by the court was within the punishment range provided for by law, and is therefore not subject to challenge. See TEX. PENAL CODE ANN. § 12.42(a) (West 2013) (punishment range for third degree felony offense enhanced to a second degree). Moreover, the judgment does not contain any improper assessment of fees. CR 44, 47; See <u>Bray v. State</u>, 179 S.W.3d 725 (Tex. App.--Fort Worth 2005, no pet.). Thus, there is no arguably reversible error during the punishment phase.

Finally, the undersigned has reviewed the record and found no

arguable ground for ineffective assistance of counsel. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d 674 (1984).

Counsel had received a seven year plea agreement offer from the state, Mr. Ardry declined to accept that offer. II RR 5. Mr. Ardry entered an open plea of guilty. I RR 30. The State sought a ten year sentence at this punishment hearing. II RR 16, 20. Mr. Jarvis was familiar with the facts, advised his client regarding testimony, and made an effective argument resulting in the trial court sentencing Mr. Priutt two years below the State's requested sentence. Considering the totality of the representation of Appellant's trial counsel, the record contains nothing that would indicate that counsel's performance was deficient. See Strickland 466 U.S. at 687, 104 S. Ct. at 2064; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

## CONCLUSION

Since counsel is unable to raise any arguable issues for appeal, he is required to move for leave to withdraw. See <u>Stafford v. State</u>, 813 S.W.2d 503 (Tex. Crim. App. 1991).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Counsel respectfully prays that this Court permit him to withdraw after this Court's own examination of the record in this cause and to afford Appellant his right to file any pro se brief that he may wish to file.

Respectfully submitted,

/s/ James Huggler
James W. Huggler, Jr.
State Bar Number 00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 fax

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been

forwarded to counsel for the State by regular mail or through the State of

Texas Electronic Filing System on this the 19th day of February 2015 and

to the Appellant at the address listed below by regular mail.

Attorney for the State:
Mr. Mike West
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702


Craig Pruitt
TDCJ #01960665
Hamilton Unit
200 Lee Morrison Lane
Bryan, Texas 77807


## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with Tex. R. App. P. 9.4, specifically

using 14 point Century font and contains 1,732 words as counted by

Corel WordPerfect version x5.

 /s/ James Huggler
James W. Huggler, Jr.