In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00141-CR
_____

**RICHARD EARL MITCHELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 1A District Court**
**Tyler County, Texas**
**Trial Cause No. 12,971**

**MEMORANDUM OPINION**

Richard Earl Mitchell appeals from a final judgment, based on a jury's verdict, finding him guilty of driving while intoxicated. Mitchell raises three issues in his appeal. In issue one, he argues that the trial court abused its discretion by allowing the State to prosecute him for felony DWI without first requiring the State to present evidence that he had previous convictions for driving while intoxicated. In issue two, Mitchell argues the trial court abused its discretion by allowing the jury to consider evidence about the results of his blood test when police failed to obtain a warrant to

draw his blood. In issue three, Mitchell complains that his trial counsel provided him with ineffective assistance because his trial attorney failed to move to suppress or to object to the evidence showing the results the crime lab obtained from the tests that were performed on his blood. We affirm.

Convictions Authorizing Mitchell's Prosecution for Felony DWI

Before the parties selected a jury, Mitchell stipulated that he has two prior misdemeanor convictions for DWI.[1] Mitchell also stipulated that he has two prior felony DWIs.[2] In the charge, the trial court informed the jury that "[t]he parties have stipulated that the defendant has been two times previously convicted of being intoxicated while operating a motor vehicle in a public place." Following deliberations, the jury answered an issue finding Mitchell "guilty of the offense of Driving While Intoxicated 3rd or More[.]"

In his appeal, Mitchell contends that the State failed to read the stipulation that his attorney made with the prosecutor about his prior convictions into the record

---

[1] The stipulation reflects that the misdemeanor convictions were in Cause Numbers 98-315 and 01-167, rendered in the County Court of Tyler County.

[2] As to the prior felony DWIs, the stipulation that Mitchell made with the State addresses felony judgments rendered in Cause Number 9365 by the 1A District Court of Tyler County and in Cause Number 08-03764 by the Criminal District Court of Jefferson County. Mitchell's indictment relies on Mitchell's felony convictions for DWI.

when the case was tried. He concludes that without evidence before the jury about the stipulation, the State failed to meet its burden of proving that he had at least twice before been convicted for DWI. Mitchell concludes that his case should be reversed, and that on remand, the trial court should be required to enter a judgment of acquittal on the felony DWI and to then retry Mitchell's punishment based on the punishment available for a misdemeanor DWI.

Mitchell fails to appreciate fully the affect the stipulation he entered into with the prosecutor had on his case. A stipulation is a judicial admission, which waives the defendant's right to require the government to prove the elements of the crime covered by the stipulation. *Bryant v. State*, 187 S.W.3d 397, 400, 402 (Tex. Crim. App. 2005).

The record shows that Mitchell stipulated to committing more than two prior DWIs on the first day of his trial. Thus, the stipulation addressed the predicate convictions required to justify a prosecution for a felony DWI. Because Mitchell's indictment alleges the prior felony DWIs, the State could have (but did not have to) read the stipulation into evidence during the trial. *See Martin v. State*, 200 S.W.3d 635, 640 (Tex. Crim. App. 2006). And in jury selection, the State could have elected to question the potential jurors about their attitudes on the punishments available for felony and misdemeanor DWIs. *Id*. Regardless of the strategy decisions the

prosecutor may have made, the stipulation is not required to be included in the evidence the State introduced at trial. *Id.*

Here, the jury charge informed the jury that Mitchell had two convictions for committing previous DWIs. In the charge, the trial court informed the jury that Mitchell stipulated that he had twice before been convicted for "being intoxicated while operating a motor vehicle in a public place." Because Mitchell stipulated to the two prior felony convictions, as they are alleged in the indictment, the stipulation effectively removed the State's burden to present evidence during the trial proving that Mitchell had two prior DWIs. *Id.* at 641.

We hold that Mitchell waived his right to contest whether the State presented evidence in the trial proving that Mitchell has two prior felony DWIs. He stipulated to them before the trial. *Bryant*, 187 S.W.3d at 401. We overrule Mitchell's first issue.

## Admissibility of Blood Tests

In issue two, Mitchell contends the trial court abused its discretion by allowing the jury to consider evidence about the results revealed by tests performed on a sample of his blood. Mitchell claims the evidence was inadmissible because the police obtained the sample without a warrant.

4

The evidence in the record contradicts Mitchell's argument that no warrant issued allowing the police to obtain the sample at issue. Trooper Raul Narvaez testified that after Mitchell refused to provide a breath sample, a justice of the peace signed a warrant that authorized police to obtain a sample of Mitchell's blood. A nurse drew the sample after the police took Mitchell to the Tyler County Hospital. Trooper Narvaez's testimony ties the sample to the sample tested by the crime lab. The report the crime lab issued about its testing shows that Mitchell had a blood-alcohol level of 0.194 grams of alcohol per 100 milliliters of his blood.

Mitchell did not move to suppress the evidence about the tests the crime lab performed on the sample at issue. When the State offered the report into evidence, Mitchell did not challenge the admissibility of the report. To preserve complaints about the report and testimony about it for a later appeal, Mitchell needed to raise timely objections to the evidence and to secure a ruling on them. *See* Tex. R. App. P. 33.1; *see also Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015) (applying Rule 33.1 on preservation of error to a Fourth Amendment complaint). Because Mitchell failed to preserve the complaints he raises in his second issue for our review, it is overruled.

Ineffective Assistance Claim

In issue three, Mitchell contends his trial attorney provided ineffective assistance because he failed to move to suppress and to object to the evidence and report about the tests performed on his blood. To establish a claim of ineffective assistance of counsel, the defendant must show that the performance of his attorney fell below an objective standard of reasonableness, and that, but for counsel's alleged error, the outcome of the proceedings would have probably been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Such claims must be firmly established in the record with evidence showing that the defendant's attorney made such serious errors that he failed to function as "counsel" under the Sixth Amendment. *Id.* at 687. The defendant also must "show that the deficient performance prejudiced the defense." *Id*. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*.

When making an ineffective assistance of counsel claim, the defendant bears the burden of developing the facts needed to show that his attorney was ineffective under the standards identified in *Strickland*. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (citing *Strickland*, 466 U.S. at 689). Generally, to prove a claim of ineffective assistance, the defendant must overcome the "strong

presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *Strickland*, 466 U.S. at 690). The "allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.*

To satisfy the *Strickland* test, Mitchell must show that a motion to suppress the blood test report and testimony about it should have been granted. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). To establish the trial court erred in admitting this evidence, Mitchell needed to show that his blood was seized without a valid warrant and that none of the generally recognized exceptions to the general rule requiring police to obtain a warrant applied to the circumstances of his case. *See id.* Mitchell complains that his attorney did not move to suppress the evidence about the blood test results, but merely filing a motion that has no merit would not have aided in Mitchell's defense. *See Yuhl v. State*, 784 S.W.2d 714, 717 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd).

Because Mitchell never claimed in the trial that the police obtained his blood without a search warrant, the State was never required to produce the warrant that Trooper Narvaez mentioned in his testimony. And since Mitchell did not move for

a new trial after the trial court sentenced him, the record is undeveloped on the strategy trial counsel employed in handling Mitchell's defense.

Without a fully developed record, we can but speculate about counsel's strategy. We cannot, however, conclude that Mitchell has defeated the strong presumption that trial counsel's decisions representing Mitchell were reasonable. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). We also cannot conclude on this record that no search warrant issued. For these reasons, we overrule Mitchell's third issue and affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on June 27, 2018
Opinion Delivered October 17, 2018
Do Not Publish

Before Kreger, Horton and Johnson, JJ.