COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| DEBORAH M. SANCHEZ-ZAVALA, | § | No. 08-24-00117-CR |
| Appellant, | § | Appeal from the |
| v. | § | 409th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20210D00777) |

## MEMORANDUM OPINION

After a night of drinking and with a blood alcohol concentration more than twice the legal limit, Appellant Deborah M. Sanchez-Zavala drove onto Interstate 10 and struck another vehicle, killing the other driver. A jury acquitted her of the indicted charges–intoxication manslaughter and manslaughter–but convicted her of driving while intoxicated and sentenced her to one year in jail. Sanchez-Zavala appeals, arguing that her offense was punishable as a Class B misdemeanor with a maximum sentence of 180 days. Finding no error, we affirm.

## I. FACTUAL BACKGROUND

In the early morning hours of February 7, 2021, Sanchez-Zavala made a U-turn on Interstate 10 and struck a vehicle driven by Eyob Fetene, who later died. Sanchez-Zavala's blood-

alcohol concentration was 0.186.[1] She was charged with intoxication manslaughter and manslaughter. At trial, the jury heard evidence that the victim was also intoxicated, speeding, and not wearing a seatbelt. The jury convicted Sanchez-Zavala of the lesser-included offense of driving while intoxicated (DWI). Before the punishment phase began, the State clarified that because Sanchez-Zavala had a prior DWI conviction, it was seeking punishment of the DWI as a Class A misdemeanor. Sanchez-Zavala stipulated to the prior conviction but objected to its being used to enhance her punishment because the State did not allege the conviction in the indictment. Over Sanchez-Zavala's objection, the trial court instructed the jury on the punishment range for a Class A misdemeanor. The jury sentenced her to one year confinement.

Appellant raises one issue on appeal. She argues that the trial court "erred in *sua sponte* enhancing [her] punishment range without the issue being pled by the state nor read to the jury." She divides the issue into three subparts which, for ease of discussion, we will refer to as issues one, two, and three. First, she argues that the trial court erred in allowing her sentence to be enhanced by her prior DWI conviction because the State did not plead it as an enhancement allegation. Second, she challenges the enhancement on the basis that the finding of a prior conviction was not made by the jury. Third, she claims that the enhancement was improper because the State did not read the enhancement allegation to the jury at the punishment stage.

## II. ANALYSIS

The offense level and punishment range for DWI increases when there are prior DWI convictions. Absent any other enhancement factors, a first DWI offense has the punishment range of a Class B misdemeanor, confinement for 72 hours to 180 days in the county jail and a maximum

---

[1] "Intoxicated" is defined as "having an alcohol concentration of 0.08 or more." Tex. Penal Code Ann. §49.01(2).

fine of $2000. Tex. Penal Code Ann. §§ 12.22, 49.04(b). If a defendant has one prior DWI conviction, the offense has the punishment range of a Class A misdemeanor, confinement in the county jail for 30 days to one year and a maximum fine of $4000. *Id.* §§ 12.21, 49.09(a). In these cases, where a prior conviction raises the offense level of a misdemeanor, the prior conviction is a punishment issue.[2] *Oliva v. State*, 548 S.W.3d 518, 519–20 (Tex. Crim. App. 2018). Sanchez-Zavala contends that the range of punishment she was subject to should have been for a Class B misdemeanor instead of a Class A.

### A. Notice of enhancement

The indictment charged Sanchez-Zavala with intoxication manslaughter with a vehicle and manslaughter. It did not allege that she had a prior DWI conviction because a misdemeanor DWI conviction does not enhance punishment for the indicted charges as it does for a subsequent DWI. *See* Tex. Penal Code Ann. § 12.42 (increasing the level of felony offenses and punishment for prior *felony* convictions). Sanchez-Zavala argues that it was improper to enhance her DWI to a Class A misdemeanor when the prior conviction was not pled in the indictment.

A defendant has a due process right to notice that the State will seek to enhance her punishment and the ground for that enhancement.[3] *Villescas v. State*, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006). The purpose of the notice is to provide "a description of the judgment of former conviction that will enable [the defendant] to find the record and make preparation for a trial of

---

[2] If a defendant has two prior DWI convictions, the offense is a third-degree felony. *Id.* § 49.09(b)(2). The prior convictions in that circumstance are elements of the offense, rather than punishment issues, because they must be established to confer jurisdiction on a district court. *Ex parte Benson*, 459 S.W.3d 67, 75 (Tex. Crim. App. 2015).

[3] Citing *Fairrow v. State*, Sanchez-Zavala characterizes the alleged error as "sentencing [] outside the range allowed by statute" subject to the nonconstitutional harm analysis. *Fairrow v. State*, 112 S.W.3d 288, 295 (Tex. App.—Dallas 2003, no pet.). The Court of Criminal Appeals, however, has held that the right to notice of enhancement allegations is constitutional. *Villescas v. State*, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006).

the question of whether he is the named convict therein…or that there was no final former conviction or the like." *Hollins v. State*, 571 S.W.2d 873, 875–76 (Tex. Crim. App. 1978) (quoting *Morman v. State*, 75 S.W.2d 886 (1934)). The required notice, though, does not have to be given in the indictment as long as it is pled "in some form." *Brooks v. State*, 957 S.W.2d 30, 33–34 (Tex. Crim. App. 1997) (en banc).

Although the State did not include Sanchez-Zavala's prior conviction in the indictment, it did file two notices of extraneous offenses, the first more than two years before trial. Those notices provided sufficient information about the conviction – date, cause number, and court–to allow Sanchez-Zavala to prepare a defense. It also informed her that the State intended to use evidence of the prior DWI conviction "during every phase of the trial in every allowable way." Notices of extraneous offenses that limit the purpose of the evidence are not sufficient notice that the evidence will be offered to enhance punishment. *See, e.g., Sears v. State*, 91 S.W.3d 451, 454 (Tex. App.—Beaumont 2002, no pet.) (holding that notice of extraneous offense was not sufficient notice of enhancement allegations when it stated only that the State intended to use prior convictions as *impeachment* evidence); *Fairrow v. State*, 112 S.W.3d 288, 290, 292 (Tex. App.—Dallas 2003, no pet.) (noting that although State filed a notice of extraneous offenses, the notice expressed the State's intent to use the offenses as evidence and "no mention was made of using these prior convictions for enhancement"). However, the broad language used in this case ("*every* phase", "*every* allowable way") provides sufficient notice that the State intends to use the conviction during the punishment phase to increase the level of offense and range of punishment.

Furthermore, during a bench conference before the punishment phase, Sanchez-Zavala stipulated to the prior conviction but objected to using it to enhance the DWI from a Class B to a Class A misdemeanor. The trial court overruled that objection. Even if Sanchez-Zavala was

unaware of the enhancement allegations before then, that conference provided notice. Notice given at this stage satisfies constitutional requirements when the defendant has no defense to the allegation and has not requested additional time to prepare a defense. *Villescas*, 189 S.W.3d at 294 (holding notice sufficient when defendant stipulated to the conviction and did not request a continuance) (citing *Oyler v. Boles*, 368 U.S. 448, 452 (1962); *Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010) (holding pre-punishment phase notice sufficient when "appellant did not request a continuance, appear surprised by the allegations, or argue that he was unprepared to defend against the prior conviction allegations"); *Garza v. State*, 383 S.W.3d 673, 676–77 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (noting that defendant received "additional notice" at the beginning of the punishment phase and did not request more time to prepare a defense). Sanchez-Zavala did not dispute the validity of the prior conviction or ask the court for a continuance. Therefore, even if the State had not filed the two notices of extraneous offenses, constitutional requirements were satisfied by notice to Sanchez-Zavala of the enhancement allegation immediately before the punishment phase.

We overrule Issue One.

### B. Finding of prior conviction

The jury was instructed to sentence Sanchez-Zavala within the range for a Class A misdemeanor without being asked to find whether the State had proven the prior DWI conviction. Sanchez-Zavala argues that the charge violated her right to have the jury, rather than the trial court, make a finding that increased her punishment. The State makes no argument that the jury charge was correct but disagrees with Sanchez-Zavala about the nature of such error and the harm necessary for reversal.

Sanchez-Zavala characterizes this error as constitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). However, the *Apprendi* Court expressly excluded prior convictions as facts that must be found by a jury under the constitution: "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Id.* at 490 (emphasis added); *State v. Green*, 682 S.W.3d 253, 276 (Tex. Crim. App. 2024) (recognizing the exception for prior convictions). It is still error to omit the request from the jury charge, just not constitutional error.[4] *Martin v. State*, 200 S.W.3d 635, 639–40 (Tex. Crim. App. 2006). We therefore review the error as any other jury charge error. *Id.*

For jury charge errors, the amount of harm necessary for reversal depends on whether the defendant objected to the charge. If the defendant objected, jury charge error requires reversal if there is "some actual, (not theoretical) harm calculated to injure his rights." *Id*. (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (en banc) (op. on reh'g)). If the defendant did not object, error is reversible only if it caused egregious harm. *Id.* at 639–40 (citing *Almanza*, 686 S.W.2d at 174). In this case, Sanchez-Zavala objected to the use of the prior conviction to enhance her punishment but made no objection that the charge failed to instruct the jury to find whether she had a prior DWI conviction. We therefore review the charge under the egregious harm standard. *Id.* at 638, 642 (analyzing charge error under the egregious harm standard when

---

[4] The *Martin* Court explained that even when the defendant stipulates to a prior conviction and removes the necessity of proof of the conviction, the jury must still be instructed "about the existence and legal effect of the defendant's stipulation." *Martin v. State*, 200 S.W.3d 635, 641 (Tex. Crim. App. 2006). The Court suggested various ways this could be accomplished. For example, the charge can include a paragraph about the stipulation and direct the jury to find that there was a prior conviction. *Id.* at 639.

defendant objected to the charge, but not on the basis that it did not ask the jury to make prior conviction findings).

"Egregious harm is a 'high and difficult standard' to meet, and such a determination must be 'borne out by the trial record.'" *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015) (quoting *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013)). Charge error will only meet the egregious harm standard if it "affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Id*. (citing *Almanza*, 686 S.W. 2d at 171 and *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008)). We consider four factors to determine if jury charge error has caused egregious harm: "(1) the entirety of the jury charge, (2) the state of the evidence, including the contested issues and weight of probative evidence, (3) the arguments of counsel, and (4) any other relevant information revealed by the trial record as a whole." *Villareal*, 453 S.W.3d at 433.

First, even though the charge was incorrect, it did not harm Sanchez-Zavala because she did not dispute the conviction. Although she maintained her objection that her punishment could not be enhanced because of lack of notice, Sanchez-Zavala stipulated to the fact of the conviction itself ("And, Judge, just so I can clarify, we're stipulating to the judgments [of prior convictions], not that they serve for purposes of enhancement, just for purposes of punishment."). In *Martin v. State*, like in this case, the appellant stipulated to prior convictions but on appeal challenged the jury charge for failing to include the issue. *Martin*, 200 S.W.3d at 637. Regarding the first factor, the entirety of the jury charge, the Court of Criminal Appeals stated, "If [the defendant] wishes to stipulate to those prior convictions and take that factual element away from the jury, then he cannot later complain that his trial was fundamentally unfair because the jury did not have an opportunity to decide that uncontested element." *Id*. at 642.

7

The second factor, the state of the evidence, is also impacted by the stipulation. Because Sanchez-Zavala agreed that she had been convicted, there was no evidentiary dispute. *Id*.

Third, defense counsel discussed the prior conviction in his argument to the jury but did not argue that it was invalid. In opening argument, he stated, "And, sure, you will hear evidence about some convictions that happened a little more than 15 to 20 years ago, but what does really represent her and you will come to find out is that she is a single mother." In closing, counsel told the jury, "Those prior convictions, she was convicted of a DWI and she was convicted of a federal offense, but you heard testimony that that is not who Debbie is."

Finally, the record does not contain any other relevant information that indicates that Sanchez-Zavala was harmed by the jury charge error. *Martin*, 200 S.W.3d at 642.

We hold that the trial court erred by failing to instruct the jury to make a finding about the prior conviction or on the effect of Sanchez-Zavala's stipulation to the prior conviction, but the error did not cause egregious harm and is not grounds for reversal. We overrule Issue Two.

## C. Failure to read enhancement allegations

Sanchez-Zavala also argues that it was error to enhance her punishment when the prosecutor did not read the enhancement allegations to the jury. The Code of Criminal Procedure provides:

> The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07.

Tex. Code Crim. Proc. Ann. art. 36.01(a)(1). The State responds that Sanchez-Zavala failed to preserve her complaint. We agree.

8

To preserve an error for appeal, a party must make a "timely request, objection, or motion," stating the grounds for the objection "with sufficient specificity to make the trial court aware of the complaint" and obtain a ruling. Tex. R. App. P. 33.1(a)(1)(A). As stated above, Sanchez-Zavala objected to the use of the stipulated prior DWI conviction to enhance the punishment range on notice grounds. But she did not object to the State's failure to read the enhancement information to the jury and has therefore forfeited this complaint. *Cantu v. State*, 939 S.W.2d 627, 646 (Tex. Crim. App. 1997) (en banc) ("[A]ppellant waived any error by his failure to object to the procedure used by the trial court in its entering of his plea before the jury."); *see also Martinez v. State*, 155 S.W.3d 491, 495 (Tex. App.—San Antonio 2004, no pet.); *Lee v. State*, 239 S.W.3d 873, 876 (Tex. App.—Waco 2007, pet. ref'd); *Jurado v. State*, No. 08-17-00010-CR, 2019 WL 1922757, at *11 (Tex. App.—El Paso Apr. 30, 2019, pet. ref'd) (not designated for publication); *Houston v. State*, No. 03-23-00082-CR, 2024 WL 3296590, at *12 (Tex. App.—Austin July 3, 2024, pet. ref'd) (mem. op., not designated for publication).

Even had she preserved her complaint, the error is harmless. Sanchez-Zavala argues that under *Turner v. State*, this error is structural and therefore automatically reversible without a harm analysis. *Turner v. State*, 897 S.W.2d 786, 789 (Tex. Crim. App. 1995) (en banc). Although *Turner* has not been expressly overruled, the Court of Criminal Appeals has since held that "[e]xcept for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis." *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (en banc). "[O]nly federal constitutional errors can be structural, and most are not." *Do v. State*, 634 S.W.3d 883, 896–97 (Tex. Crim. App. 2021). The failure to read an enhancement allegation is a statutory, not constitutional, violation; it is therefore not a structural

error subject to automatic reversal. *Linton v. State*, 15 S.W.3d 615, 620 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) ("Because the failure to read enhancements paragraphs and a defendant's plea to the jury is statutory error, the proper harm analysis is that for reviewing non-constitutional error"); *Hernandez v. State*, 190 S.W.3d 856, 868 (Tex. App.—Corpus Christi–Edinburg 2006, no pet.) (same); *Stegall v. State*, No. 05-04-01283-CR, 2005 WL 1283541, at *3 (Tex. App.—Dallas June 1, 2005, no pet.) (not designated for publication) (same).

Courts conducting an analysis of the harm caused by failing to read the enhancement paragraph have focused on the concern identified by *Turner*–that the defendant may believe that the State had abandoned the enhancement and decide to testify, possibly incriminating himself. *Turner*, 879 S.W.2d at 789; *Linton*, 15 S.W.3d at 621; *Stegall*, 2005 WL 1283541 at *3. In this case, Sanchez-Zavala was not misled. It was clear at the beginning of the punishment stage that the State was requesting the submission of a Class A misdemeanor punishment range instructions to the jury and that the Court was allowing it. Moreover, the harm recognized by the Court in *Turner*–self-incrimination–was not a possibility in this case because Sanchez-Zavala did not take the stand.

We overrule Issue Three.

### III. CONCLUSION

Sanchez-Zavala was given the constitutionally required notice that her prior DWI conviction could be used to increase the range of punishment. She stipulated to the prior conviction and was not harmed by the trial court's failure to instruct the jury to make findings about the conviction. Finally, she failed to preserve her complaint that the State did not read the enhancement allegation to the jury and, even if she had, she was not harmed because she was not misled into testifying and possibly incriminating herself. The judgment of the trial court is affirmed.

10

MARIA SALAS MENDOZA, Chief Justice

April 8, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)